475 So.2d 645 (1985)
Wesley MEAD
v.
STATE.
5 Div. 12.
Court of Criminal Appeals of Alabama.
June 11, 1985.
On Return to Remand August 20, 1985.
Wesley Mead, pro se.
Charles A. Graddick, Atty. Gen. and H.P. Nelson, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
Wesley Mead, an inmate at Staton Correctional Facility, being of the opinion that he is not being credited with 224 days served in jail while awaiting disposition of his cases, petitioned for a writ of habeas corpus. In response, the state filed an exhibit with the trial court, called an "Inmate's Summary," which shows that Mead is serving time for an assault in the first degree and an assault in the second degree. Various other things are shown on the computer printout; some are intelligible, some are not. Some may only be guessed at. Contrary to the allegations of the state, the computer printout does not show in the English language that credit for 224 days has been given to Mead. When we all become experts in computers, then perhaps a coded printout will take the place of a response to a habeas corpus petition. A petition for writ of habeas corpus is a proper procedure to test whether the state has properly calculated the amount of time the inmate must serve in prison. Habeas corpus is in the nature of a civil remedy. Rule 8(b), Alabama Rules of Civil Procedure, states:
"(b) Defenses; Forms of Denials. A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies."
This exhibit, relied upon by the state as a defense, does not state in plain terms the matters that ought to be stated. The effect of the failure to deny is that the averments of the claim are deemed admitted. Rule 8(d), Alabama Rules of Civil Procedure. We do not believe it will impose too great a burden on the Board of Corrections to respond in grammatical language. The petition has sufficient merit to warrant a hearing in which it may be demonstrated whether or not this inmate has received credit for the time spent in jail before sentencing *646 on the offense, as is required by the United States Constitution.
Accordingly this case is reversed and remanded to the circuit court for that court to conduct a hearing on this issue.
REVERSED AND REMANDED.
All the Judges concur.

ON RETURN TO REMAND
TAYLOR, Judge.
On remand to the circuit court a proper affidavit was filed by the state showing appellant has been credited with his jail time. The court's action dismissing appellant's petition for writ of habeas corpus is due to be affirmed.
AFFIRMED.
All the Judges concur.