McMILLAN, Judge.
The appellant argues that the trial court erred in the summary denial of his petition for writ of habeas corpus. In his “Brief in Support of Petition for Writ of Habeas Corpus,” the appellant argues that he spent 41 days in jail on the charge of sexual abuse in the first degree because he failed to appear in court on that charge. The case was allegedly subsequently nol-prossed. He was again arrested on the same charges and remained in custody for 44 days. Thereafter, he pleaded guilty to the offense of sexual abuse in the first degree and he was sentenced to ten years’ imprisonment. His petition for writ of ha-beas corpus argues that according to §§ 15-18-5 through 15-18-7, Code of Alabama (1975), he should have received jail credit for the 85 days he spent in jail prior to sentencing. The State offers no facts which contradict those set out in the petition and supporting brief. Therefore, unre-futed facts must be taken as true. Giles v. State, 462 So.2d 1063, 1064 (Ala.Cr.App.1985).
“Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the board of corrections.”
Code of Alabama (1975), § 15-18-5. Further, § 15-18-7 makes the foregoing section applicable to any prisoner presently incarcerated who comes within its purview.
“ ‘A petition for writ of habeas corpus is a proper procedure to test whether the State has properly calculated the amount of time the inmate must serve in prison.’ Mead v. State, 475 So.2d 645 (Ala.Cr.App.1985).” Boutwell v. State, 488 So.2d 33 (Ala.Cr.App.1986). The appellant’s petition is meritorious on its face and he is entitled to relief if his claims are true. His petition should not have been summarily denied.
REVERSED AND REMANDED.
All the Judges concur.