PATTERSON, Judge.
Appellant, Charles Risner, appeals from the summary denial of his petition for writ of habeas corpus. The basis of appellant’s petition was as follows:
“Petitioner was in IGT Good Time earning status from 10-05-1982 until he was illegally terminated on 09-09-1985, which is 2 years 11 months 4 days. The respondent only gave petitioner 2 years 11 months 4 days good time for that period, but by law, was entitled to 5 years 10 months 8 days good time per the D.O.C. Regulations and [Section] 14-9-20 [Code of Alabama 1975] (Old Code prior to [May 19, 1980]).
“Petitioner should have been released FREE, if he had received the correct amount of good time, on July 9th, 1986, petitioner has been illegally incarcerated since 7-09-1986, and respondent intends on holding petitioner until 5-13-89. Petitioner by law is entitled to immediate release because of the respondent’s error in the good time computation, even without petitioner being placed back in IGT status.”
A petition for writ of habeas corpus is the proper procedure to test whether the state has properly calculated the amount of time an inmate must serve in prison. See Williams v. Davis, 386 So.2d 415 (Ala.1980); Mead v. State, 475 So.2d 645 (Ala.Cr.App.1985). Appellant was placed on Incentive Good Time (IGT) status pursuant to § 14-9-20, Code of Alabama 1975 (Acts 1976, No. 182, p. 176) and Alabama Department of Corrections Adminis *337 trative Regulation 420. Participation in the IGT program applicable to appellant, which is limited to “inmates whose behavior and industriousness merit such award,” Reg. 420, entitles a prisoner to two days of good time credit for each day he serves.
No answer or return was filed by the state. In denying habeas corpus relief, the trial court stated the following:
“Under the facts presented, the Petitioner’s parole was revoked and at that time he was not granted any more good time, that is to say that his records show that he is not earning good time.
“Good time under Act 182 is discretionary with the Department of Corrections. Since the inmate is incarcerated, the Department may award it or may not award it, and this discretion is not reviewable by this court.”
The trial court did not address appellant’s claims that the Board of Corrections arbitrarily denied him “2 years 11 months 4 days” of good time which he earned while on IGT status from October 5, 1982, through September 9,1985. Appellant and the state filed an exhibit, which the trial court called an “Inmate Summary.” It is a computer printout showing appellant’s inmate status. However, we cannot determine from this computer printout whether appellant has been credited with the correct amount of good time. See Mead v. State. The record does not contain any other facts which we can consider to dispute appellant’s allegation.
We find the petition has sufficient merit to warrant a hearing to determine whether appellant has received the proper credit for the good time earned while on IGT status.
This case is reversed and remanded to the circuit court for that court to conduct a hearing on this issue.
REVERSED AND REMANDED.
All Judges concur.