This Court granted the petition for writ of certiorari in this case in order to review the opinion of the Court of Criminal Appeals, 546 So.2d 1000, which determined the amount of incentive good time the petitioner was authorized to receive under the provisions of Act No. 182, Acts of Alabama 1976; codified as Ala. Code 1975, §§ 14-9-20 through -25.
The Court of Criminal Appeals concluded that "Act 182 authorizes but does not require the Department of Corrections to grant a qualified inmate up to two days' good time for every day he serves."
The Court of Criminals Appeals correctly interpreted Act No. 182, but it is apparent from a reading of that court's opinion that the Department of Corrections, in exercising the discretion granted to it under the provisions of Act No. 182, followed an opinion of the attorney general issued in 1976[1] that held that under Act 182 a qualified *Page 1005 
prisoner was entitled to only one day of good time for every day served. That opinion incorrectly interpreted the provisions of Act No. 182, as the Court of Criminal Appeals determined.
Because it is apparent that the decision of the Department of Corrections was based upon an erroneous opinion of the attorney general, we are of the opinion that the judgment of the Court of Criminal Appeals is due to be reversed, and the cause remanded to that court with directions to remand the cause to the trial court for further proceedings in accordance with this opinion. If the discretion exercised by the Board of Corrections was based upon an erroneous interpretation of the law, then the Board should exercise its discretion based upon a correct interpretation of the statute.
Based on the foregoing, the judgment of the Court of Criminal Appeals is due to be reversed and the cause remanded.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] 164 Informal Op. Atty Gen. 43 (1976)