534 So.2d 328 (1986)
Kenton Renaldo HARDY
v.
STATE.
5 Div. 142.
Court of Criminal Appeals of Alabama.
August 12, 1986.
On Return to Remand September 20, 1988.
Kenton Renaldo Hardy, pro se.
Charles A. Graddick, Atty. Gen., and Fred F. Bell, Asst. Atty. Gen., for appellee.
McMILLAN, Judge.
This is an appeal from a denial of a petition for writ of habeas corpus. The appellant claims that he was only credited for 44 of the 108 days he spent in custody from the time of his arrest until the time of sentencing and that he was therefore entitled to an evidentiary hearing to determine the validity of this claim. He claims that he was arrested on September 28, 1983, and sentenced to life and ten years' imprisonment after his guilty plea on January 14, 1984.
The State's contention is that this issue should have initially been raised on appeal, rather than by a writ of habeas corpus.
This court has stated "[a] petition for writ of habeas corpus is a proper procedure to test whether the State has properly calculated the amount of time the inmate must serve in prison." Mead v. State, 475 So.2d 645 (Ala.Cr.App.1985). In the appellant's application for the finding of additional facts and in his argument, he asserts that the State claims he was arrested on November 8, 1983. In the State's pre-sentence investigation report, the appellant's arrest date is listed as September 28, 1983.
According to Code of Alabama (1975), § 15-18-5, the appellant should be credited for the time he spent in jail pending trial. This Code section states:
"Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified *329 by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections."
This case is hereby remanded to the circuit court for that court to conduct a hearing and determine how much time the appellant did spend in jail pending trial.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.

ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded with instructions on August 12, 1986, and was transferred to the Circuit Court of Etowah County on September 12, 1986, on motion of the State. The Circuit Court of Etowah County assigned this matter as Case No. CC-83-792.70, and it was disposed of on November 24, 1986. Therefore, this appeal is dismissed.
OPINION EXTENDED; APPEAL DISMISSED.
All Judges concur.