Taunton appeals from the trial court's dismissal of his petition for writ of habeas corpus wherein he contended that he was entitled to 454 days of jail credit for pretrial incarceration, pursuant to § 15-18-5, Code of Alabama 1975, instead of the 93 days credited. Pursuant to the state's motion to dismiss, the trial court dismissed Taunton's petition, upon its finding that the matter contested is properly reviewable in an A.R.Cr.P.Temp. 20 petition, and, thus, that venue is properly in the Circuit Court of Tallapoosa County, Rule 20.5.
It is well established that a petition for writ of habeas corpus is the proper procedure to determine whether the appellant has been credited with the correct amount of actual time spent incarcerated pending trial for the offense for which he was eventually sentenced. See, e.g., Hardy v. State,534 So.2d 328 (Ala.Cr.App. 1988); Smith v. State, 504 So.2d 1224
(Ala.Cr.App. 1987); Boutwell v. State, 488 So.2d 33
(Ala.Cr.App. 1986). However, the attorney general adopts the trial court's position in arguing that, since the effective date of Rule 20, April 1, 1987, habeas corpus is no longer the proper remedy in the instant situation. He considers the improper denial or erroneous calculation of pretrial jail credit to be improper sentencing which can be corrected by a new sentence proceeding, a remedy encompassed within Rule 20.See Rule 20.1(a). He further argues that judicial economy is well served by requiring the instant issue to be raised in a Rule 20 petition, for the judge and the records of the convicting court would be required to appear in the court of habeas corpus jurisdiction, should we consider habeas corpus to be the proper remedy.
We find both arguments to be unpersuasive, especially when considering the risk of the "chipping away" at the constitutionally mandated remedy of habeas corpus by the preclusions and rules set out in Rule 20 and the "muddying of the waters" on the issue of under what situation is which remedy appropriate. For example, if the asserted ground were cognizable under Rule *Page 615 
20.1(a), as the attorney general argues, it would be subject to a two-year statute of limitations, Rule 20.2(c); yet, the statutory scheme for the remedy of habeas corpus provides no statute of limitations, see § 15-21-1 et seq. Moreover, we consider the calculation of actual time spent incarcerated pending trial not to be a part of the actual sentencing proceeding. All § 15-18-5 mandates is that the sentencing court order that the convicted person be credited with his pretrial incarceration; by the statute, the circuit clerk or district clerk certifies the actual time to be credited.
While we certainly encourage judicial economy, we must be mindful of the following:
 "The Alabama constitution provides that 'the privilege of the writ of habeas corpus shall not be suspended by the authorities of this state.' [Ala. Const. art. I, § 17.] Its common-law status as 'the great key of liberty to unlock the prison doors of tyranny' is thus confirmed in Alabama."
Postconviction Remedies in Alabama, 29 Ala.L.Rev. 617, 621 (1978) (footnotes omitted).
Accordingly, we continue to follow the well-established rule that the writ of habeas corpus is the proper remedy here. Since the state offered no facts which contradict those set out in Taunton's petition, we take Taunton's unrefuted facts to be true, Boutwell, and find his petition to be meritorious on its face. Thus, the trial court erred in dismissing Taunton's petition. Therefore, the judgment is reversed and this cause is remanded for a prompt evidentiary hearing, and prompt return should be made to this court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.