MADDOX, Justice
(dissenting).
The question presented in this case seems simple enough — when a prisoner is seeking to receive credit on his sentence for the time he spent in jail awaiting trial, what kind of petition should he file and where should he file it? The Court of Criminal Appeals held that he could file a petition for writ of habeas corpus under the provisions of Ala.Code 1975, § 15-21-6, “addressed to the nearest circuit judge.” *616 The State contends that the petition should have been filed “in the court of original jurisdiction” because the petitioner is claiming that the court of original jurisdiction imposed on him a sentence that exceeds the maximum authorized by law, a ground for post-conviction relief included in Temporary Rule 20, A.R.Crim.P.[1]
Temporary Rule 20.1, in pertinent part, states that “any person who has been convicted of a criminal offense may, without prepayment of any fee, institute a proceeding in the court of original conviction to secure appropriate relief on the ground-that: ... (c) The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law" (emphasis added).
I dissent in this case because I believe that this Court, under its rule-making power, has set out the place where petitions like this one should be filed, and the procedure for handling such petitions. Any thought that Rule 20 would not afford a petitioner as much relief as a habeas corpus petition filed under Title 15 I believe to be mistaken. In other words, the same relief prayed for by petition under Title 15 is available for him under Rule 20, and this Court is the proper body to determine what procedure should be used in according a citizen his or her right to post-conviction relief, so long as that procedure accords with the constitutional right to relief from an illegal sentence.
In this dissent, I will spell out why I think that this Court, by rule, has prescribed the procedure to be used in this case, and why the Court of Criminal Appeals is in error in concluding that Temporary Rule 20 has the effect of a “chipping away” of the constitutional right to petition for habeas corpus.
The Court of Criminal Appeals, in support of its conclusion that petitioner could file a habeas corpus petition addressed to the nearest circuit judge, states that “a petition for writ of habeas corpus is the proper procedure to determine whether the appellant has been credited with the correct amount of actual time spent incarcerated pending trial for the offense for which he was eventually sentenced” (em *617 phasis added), citing Hardy v. State, 534 So.2d 328 (Ala.Cr.App.1986); Smith v. State, 504 So.2d 1224 (Ala.Cr.App.1987); and Boutwell v. State, 488 So.2d 33 (Ala.Cr.App.1986). I respectfully disagree with that conclusion.
At the time those cited cases were decided, the provisions of Ala. Code 1975, Title 15, Chapter 21, were applicable, and admittedly Title 15 then established the procedure for filing such petitions, but this petition was filed after the effective date of Temporary Rule 20, and, in my opinion, the provisions of Rule 20 should govern. The cases cited by the Court of Criminal Appeals are not authority to support the Court’s conclusion that habeas corpus is the “proper procedure.”
The Court of Criminal Appeals disagrees with the trial judge, who was of the opinion that Rule 20 did control, but in that disagreement, I feel, it has made a policy choice, reserved to this Court, as to what procedure can be used in cases such as this. The Court of Criminal Appeals is clearly aware that there is a statutory procedure set out for obtaining habeas corpus relief and a procedure established under Rule 20, because the Court presents the arguments concerning whether the statutory procedure should apply or whether Rule 20 should apply, but concludes:
“It is well established that a petition for writ of habeas corpus is the proper procedure to determine whether the appellant has been credited with the correct amount of actual time spent incarcerated pending trial for the offense for which he was eventually sentenced. See, e.g., Hardy v. State, 534 So.2d 328 (Ala.Cr.App.1988); Smith v. State, 504 So.2d 1224 (Ala.Cr.App.1987); Boutwell v. State, 488 So.2d 33 (Ala.Cr.App.1986). However, the attorney general adopts the trial court’s position in arguing that, since the effective date of Rule 20, April 1, 1987, habeas corpus is no longer the proper remedy in the instant situation. He considers the improper denial or erroneous calculation of pretrial jail credit to be improper sentencing which can be corrected by a new sentence proceeding, a remedy encompassed within Rule 20. See Rule 20.1(a). He further argues that judicial economy is well served by requiring the instant issue to be raised in a Rule 20 petition, for the judge and the records of the convicting court would be required to appear in the court of habeas corpus jurisdiction, should we consider habeas corpus to be the proper remedy.
“We find both arguments to be unpersuasive, especially when considering the risk of ‘chipping away’ at the constitutionally mandated remedy of habeas corpus by the preclusions and rules set out in Rule 20 and the ‘muddying of the waters’ on the issue of under what situation is which remedy appropriate. For example, if the asserted ground were cognizable under Rule 20.1(a), as the attorney general argues, it would be subject to a two-year statute of limitations, rule 20.2(c); yet, the statutory scheme for the remedy of habeas corpus provides no statute of limitations, see § 15-21-1 et seq. Moreover, we consider the calculation of actual time spent incarcerated pending trial not to be a part of the actual sentencing proceeding. All § 15-18-5 mandates is that the sentencing court order that the convicted person be credited with his pretrial incarceration; by the statute, the circuit clerk or district clerk certifies the actual time to be credited.
“While we certainly encourage judicial economy, we must be mindful of the following:
“ ‘The Alabama constitution provides that “the privilege of the writ of habe-as corpus shall not be suspended by the authorities of this state.” [Ala. Const. Art. I, § 17.] Its common-law status as “the-great key of liberty to unlock the prison doors of tyranny” is thus confirmed in Alabama.’
“Postconviction Remedies in Alabama, 29 Ala.L.Rev. 617, 621 (1978) (footnotes omitted).”
Taunton v. State, 562 So.2d 614, at 615 (Ala.Crim.App.1989).
The Court of Criminal Appeals has questioned whether Rule 20 sufficiently protects a citizen’s constitutional rights, and *618 that Court makes a policy decision concerning what is the best procedure and reaches a conclusion that Rule 20 constitutes a “chipping away” at the writ of habeas corpus. The Court of Criminal Appeals says that a two-year statute of limitations would apply in this case. I do not personally see that any ground of “preclusion” exists here. Clearly, the “statute of limitations” provisions of Rule 20.2(c) are inapplicable to this particular petition.[2] This Court heard arguments from both sides of this issue before it adopted Temporary Rule 20, and this Court made some policy choices concerning how post-conviction remedies would be handled in this State. In my opinion, this Court made a policy choice concerning the place where a petition should be filed when the petition claims that the original sentence exceeds the time allowed by law.[3]
As the Court of Criminal Appeals states, the writ of habeas corpus is of constitutional origin, and neither this Court nor the legislature can abolish it. On the other hand, the procedure for handling petitions is the realm of the legislature, exercising its legislative powers, or this Court, exercising its rule-making powers.
Admittedly, before the adoption of Temporary Rule 20, the procedure for handling post-conviction petitions, such as this one, was governed by provisions of the Alabama Code, and as I have already pointed out, the fact that a sentence may exceed the maximum allowed by law could be raised by a habeas corpus petition, but the fact that a different procedure was adopted by this Court after much debate and study does not diminish the relief that can be obtained, just the manner in which it can be awarded in appropriate cases.[4]
The legislature has indeed prescribed the procedure for filing a petition for writ of habeas corpus in Ala.Code 1975, §§ 15-21-1 through 15-21-34, and those Code sections apply to pre-trial detentions, persons confined as insane, and certain post-trial detentions not provided for by Temporary Rule 20. The statutory provisions apply, however, “only” if this Court has not adopted a contrary procedure. In Ala.Code 1975, § 15-1-1, the legislature provided:
“Any provisions of this title regulating procedure shall apply only if the procedural subject matter is not governed by rules of practice and procedure adopted by the supreme court of Alabama.” (Emphasis added).
The procedure for filing habeas corpus petitions is contained in “this title” (Title 15), prescribing which is mentioned in § 15-1-1; therefore, the provisions of Title 15 prescribing the procedure for seeking post-conviction remedies in regard to *619 claims such as this would not apply, because Title 15 applies “only” if this Court has not adopted a contrary procedure, which it has.
Rule 20 would not apply in any case not covered by the provisions of Rule 20, of course. The rights of citizens who are deprived of their liberty have a right to seek judicial relief in any event, and if a petitioner could not get relief from an illegal sentence by a Rule 20 petition, then I agree that he or she would have reason to use other remedies, but the fact of the matter is that the petitioner in this case can obtain in a Rule 20 petition the very same relief that he can obtain in a habeas corpus petition.[5]
Various proposals have been presented or suggested to this Court in the last 13 years for handling the correction of sentences such as is involved in this case, and the Court has made decisions based upon what it thought was appropriate, and the continuing flood of habeas petitions in both state and federal courts is the subject of much debate, but this court elected to adopt one procedure under Rule 20 for all post-conviction proceedings not covered by Title 15.[6]
Based on the foregoing, I am convinced that the provisions of Rule 20 are applicable in this case, for the following reasons:
(1)The relief sought is to correct what petitioner contends is an illegal sentence; therefore, petitioner is not seeking to be released from confinement, but to have his sentence corrected in order to give him 454 days’ credit for pre-trial confinement, instead of the 93 that the trial judge gave.
(2) Because the petition filed by the prisoner was one that sought to correct the sentence entered by the trial judge, and because petitioner did not raise the error by a post-trial motion filed pursuant to Temporary Rule 13, Alabama Rules of Criminal Procedure, which governs the filing of post-trial motions, his petition should properly be considered as having been filed pursuant to the provisions of Temporary Rule 20, Alabama Rules of Criminal Procedure, which governs the filing of post-conviction remedies. Temporary Rule 20 is specifically applicable in this case, because petitioner prayed that the Elmore County court would “correct this error and order the accurate amount of jail credit that petitioner actually served.” Such a claim would seem to fall within the category of claims that “the sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.” Rule 20.-1(c).
(3) In any event, since the relief that is sought is a correction of the sentence imposed by the trial judge, the procedure for correcting a sentence is provided for by either Temporary Rule 13 or Temporary Rule 20, Alabama Rules of Criminal Procedure, and not by Ala.Code 1975, §§ 15-21-1 through 15-21-34, because Ala.Code 1975, § 15-1-1, specifically provides that “[a]ny provisions of this title [Title 15] regulating procedure shall ap *620 ply only if the procedural subject matter is not governed by rules of practice and procedure adopted by the supreme court of Alabama.” (Emphasis added.) The Supreme Court of Alabama has adopted “rules of practice and procedure” governing the correction of illegal sentences; therefore, those rules, not the statutory procedures, govern the procedure in such cases.[7]
Summarizing, habeas corpus relief of the type that is covered by Rule 20, in my opinion, has been supplanted by the provisions of Rule 20. That is, habeas corpus relief, and the procedures for granting it, as contained in Title 15 of the Alabama Code, would apply in situations “only” where Rule 20 did not apply, such as illegal pre-trial detention, detentions not involving a criminal proceeding, and petitions that challenge the prison warden’s application of “good time” deductions for good conduct in prison, changes in custody classification, or jail or prison conditions, which would be covered under Title 15.[8]
Based on the foregoing, therefore, I am convinced that the opinion of the Court of Criminal Appeals is erroneous; consequently, I must dissent from the decision of this Court to quash the writ as having been improvidently granted.

. That the petitioner is seeking to correct his original sentence cannot be seriously disputed. In his petition, he alleges, inter alia, the following:
"Petitioner contends that he is entitled to 454 days’ jail credit pursuant to the Code [o]f Alabama[,] section 15 — 18—5[,] (credit towards sentence for time spent incarcerated — pending trial). Petitioner submits to this Honorable Court that he was arrested under warrant in Tallapoosa County on May 22, 1987. The charge pursuant to this arrest was 2nd degree assault. Petitioner was immediately incarcerated and held, unable to post bond, until his trial date of June 2, 1988. Petitioner was sentenced to 5 years in the penitentiary at his sentencing on August 26, 1988. Petitioner was continuously incarcerated throughout these entire proceeding[s]. In fact, petitioner has been incarcerated continuously since May 22, 1987. At sentencing, before Honorable Judge Bryan in Tallapoosa County Circuit Court, petitioner was granted 93 days’ jail credit. This sentencing waw [sic] August 26, 1988. The [C]ode of Alabama],] section 15-18 — 5[,] states emphatically that ‘a convicted person must be credited with all of his actual time spent incarcerated pending trial for such offense.’
"From May 22, 1987, until sentencing on August 26, 1988, petitioner was continuously incarcerated, the assault II warrant having been served on May 22, 1987. This time period is a total of approximetly [sic] 454 days.
"The Circuit Court through Honorable Judge Howard Bryan was erroneous in calculating this period as 93 days.”
In his petition, he prays that the Elmore County court where he filed his petition "will correct this error and order the accurate amount of jail credit days that petitioner actually served.”
I do not know who calculated the jail credit time, but the certificate of the clerk states that there is a transcript of the record in the trial court, showing the length of the sentence. Documents filed with the petition show that on August 26, 1988, Judge Howard Bryan made the following minute entry: "Defendant shall receive credit for any time served to which he may be legally entitled.”
Included also in the record is a "Transcript of Record” form that was sent to the Board of Corrections, certified by the circuit clerk as being "extracted from official court records and is true and correct according to the record.” It reads:
"8/26/88 Sentenced to 5 years.
"Jail time:
"5[/]22/87-7/7/87. 47 days
"12/7/87-12/7/87 . 1 day
"5/24/88-6/10/88 . 19 days
"7/30/88-8/26/88 . 26 days
"93 days”

. Personally, I believe that the grounds of preclusion, which this Court carefully considered and adopted, are reasonable and constitutional, and that the relief provided by Rule 20, in an appropriate case, such as when a prisoner is obviously being held under an illegal sentence, would be as broad as that granted by the statutory method for filing habeas corpus. At oral argument, the prisoner’s counsel candidly admitted that he wanted to treat this petition as being similar to those that claim that the warden fails to accord the prisoner "good time” or that claim that certain disciplinary measures are not permitted. Because this Court has not addressed, in Rule 20, those other types of petitions, obviously the statutory procedure would apply to them. See the form appearing as an appendix to Rule 20, which specifies when Rule 20 does not apply.

. One reason that this Court changed the statutory procedure, which allowed petitions to be "addressed to the nearest circuit judge,” was that trial courts located in counties where prisons were located had been called upon to decide petitions involving claims from all over the State, and the flood of petitions filed in those courts was creating administrative problems which, in my opinion, justified the policy choice. Consequently, I am of the opinion that this Court, by requiring petitions which raise the ground raised in this case to be filed in the court of original jurisdiction, was making an administrative choice and that that choice does not adversely affect a prisoner's right to show that he or she is being illegally held.

.If a Rule 20 petition presented an obvious right of an accused to be immediately released, the Rule 20 procedure would not circumscribe that. Trial courts would not be hampered in awarding such relief as might be indicated, such as where constitutional violations were involved that had to be immediately corrected. There is no suggestion in this case that petitioner was being held beyond the time when he was to be released.

. The State's attorney at oral argument admitted that the relief under Rule 20, in appropriate cases, is as broad as the relief provided by the writ of habeas corpus.

. When this Court’s Criminal Rules Advisory Committee filed the first draft of the proposed rules in July 1977, Rule 24.3, which followed very closely the provisions of the comparable Federal Rule 35, provided that a trial court "may correct an illegal sentence at any time.” When this Court adopted Temporary Rule 13, Rules of Criminal Procedure, which deals with post-judgment motions, this Court did not include this original recommendation of the Advisory Committee, but I am of the opinion that this Court, by providing for Rule 20 relief in a situation where there is an illegal sentence (see, Rule 20.1(c)), and by not making the statute of limitations applicable to it (see, Rule 20.2(c)), has essentially adopted the provisions of the first clause in Federal Rule 35, which authorizes a trial court to correct an illegal sentence at any time.
The main argument made at oral argument by petitioner’s counsel, as I remember his argument, was that this Court should use the petition for habeas corpus in this instance because this case is like the cases in which the Board of Corrections fails to give a prisoner his incentive "good time” credit. I cannot accept counsel’s argument. The original petition in this case, even though filed as a habeas corpus petition, asked the trial court to correct its sentence. See footnote 1.

. It is interesting to note that the Advisory Committee on Alabama Rules of Criminal Procedure proposed, in 1977, Rule 24.3, which would have authorized the trial court to correct "an illegal sentence at any time,” which is like the federal rule.

. The form attached to Rule 20 as an appendix specifically states that Temporary Rule 20 is not to be used to challenge loss of good time deductions from sentence, changes in custody classification, or jail or prison conditions. "Loss of good time deductions” in the Appendix, in my opinion, refers to the "Deductions from Sentences of Correctional Incentive Time.” See Title 14, Article 3, Ala.Code 1975, §§ 14-9-40 through 14-9-44. Prison "good time” claims appropriately should be addressed to the nearest circuit judge. To treat petitions to correct an illegal sentence the same as these prisoner claims is to mix apples and oranges.