PATTERSON, Judge.
Appellant filed a petition for writ of ha-beas corpus with the trial court on August 4, 1989. The trial court denied the petition on November 6, 1989, without a hearing.
On January 3, 1980, appellant was convicted of embezzlement and sentenced to serve six years. On May 19, 1980, he was convicted of shooting into an occupied vehicle and was sentenced to serve 60 years. He was placed on Incentive Good Time (IGT) status on July 20, 1981. He was paroled on November 3, 1986. His parole was revoked on November 24, 1987. After his return to prison, his “progress review” recommended that he be returned to minimum security level status and that he begin receiving IGT credit again. However, the central review board denied the recommendation. Its reason was that eligibility for IGT status is considered in light of public security and that, because of appellant’s criminal history, he failed to satisfy the requirements of Rule II, H, of DOC (Department of Corrections) Administrative Regulation 420, which states that for an inmate to receive IGT credit, there must be no indication in his sociological or psychological profile which suggests a possibility of danger to the public if appellant is released prior to the date set by court sentence. Based on affidavits supplied by the state to that effect, the trial court held that denial of renewed IGT status for appellant was proper as being within the discretion of the prison authorities.
I.
Appellant first contends that his total IGT credit accrued prior to his parole revocation was incorrectly compiled. He claims that it was compiled on the basis of one extra day’s credit for every day served (for a total credit of two days against his total sentence) instead of two extra days’ credit for every day served at Level I status (for a total of three days against total sentence), in violation of the rule set forth in Ex Parte Powers, 546 So.2d 1004, 1005 (Ala.1988). In Powers, our supreme court held that the DOC had incorrectly figured Powers’s IGT on a two-for-one instead of a three-for-one basis. The court held that DOC had done so based upon an incorrect 1976 opinion of the attorney general regarding §§ 14-9-20 through -25, Code of Alabama 1975, and that court reversed and remanded for a hearing and proper compilation of good time for Powers. Id.
A petition for writ of habeas corpus is the proper procedure to test whether the state has properly calculated the amount of time an inmate must serve in prison. Risner v. State, 522 So.2d 336 (Ala.Cr.App.1988). We find that appellant has alleged facts that, if true, are sufficient to establish that his IGT prior to his parole revocation was improperly compiled. Although appellant included a copy of a prison department computer printout concerning his release date, this court cannot tell from it whether he has in fact received the proper amount of good time due him. Mead v. State, 475 So.2d 645 (Ala.Cr.App.1985). Since the rest of the record sheds no further light upon the method of appellant’s pre-parole IGT compilation, we deem it necessary that a hearing by the trial court be held to determine whether it was properly compiled under the standards of Ex Parte Powers, supra. See Risner v. State, supra, at 337.
II.
While we agree with the trial court that the DOC has discretion whether to grant IGT, we find that, in the instant case, appellant should be granted a hearing on this matter as well. Such a hearing would al *290 low him to present any evidence on his behalf concerning the exercise of discretion by the prion authorities and, thus, provide this court with a record for reviewing such action.
The judgment is reversed and the cause is remanded to the circuit court with instructions for that court to conduct an evi-dentiary hearing on these issues.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All Judges concur.