This appeal involves the denial of a petition for writ of habeas corpus. The petitioner was convicted in November 1979 of rape and sodomy and was sentenced to 45 years' imprisonment. He contends that his due process rights have been violated because he has been denied good time credits. Specifically, he contends that he is entitled to earn deductions from his sentence pursuant to § 14-9-1, Code of Alabama 1975, and further deductions pursuant to § 14-9-4, Code of Alabama 1975. Both of these sections were repealed (effective May 19, 1980) pursuant to the Alabama Correctional Incentive Time Act (§§ 14-9-40
through -44, Code of Alabama 1975).
In its motion for judgment on the pleadings, the State argued that the petitioner is not eligible for incentive time pursuant to § 14-9-41(e), Code of Alabama 1975, because his sentence is in excess of 10 years[1] and that, therefore, he received the full range of due process to which he was entitled. The trial judge granted the State's motion and entered judgment accordingly.
It is well settled that "a petition for writ of habeas corpus is the proper procedure to test whether the state has properly calculated the amount of time an inmate must serve in prison."Morris v. State, 565 So.2d 288, 289 (Ala.Cr.App. 1990); Risnerv. State, 522 So.2d 336 (Ala.Cr.App. 1988). Without determining whether the petitioner is entitled to the amount of good time credit that he alleges he is entitled to in his petition, it is clear that his good time credit should be calculated pursuant to §§ 14-9-1 through -4, Code of Alabama 1975 (statutory good time), and §§ 14-9-20 through -25, Code of Alabama 1975 (incentive good time).
In Powers v. State, 546 So.2d 1000, 1001 (Ala.Cr.App. 1987), this Court held:
 "It is undisputed that the petitioner is incarcerated for crimes committed prior to 1980, and that the governing statute is 1975 Ala. Acts 176, No. 182 (July 29, 1976), which was codified as Alabama Code 1975, § 14-9-20 through § 14-9-25. This act was repealed by the Alabama Correctional Incentive Time Act, 1980 Ala. Acts 690, No. 80-446 (May 19, 1980), codified as § 14-9-40 through § 14-9-44, but retained to the extent that it only applies to prisoners serving time before May 19, 1980, and persons who committed an offense prior to May 19, 1980. § 14-9-43."
See also Ex parte Powers, 546 So.2d 1004 (Ala. 1988) (wherein the Supreme Court agreed with this court's interpretation of Act No. 182, but reversed and remanded the decision on grounds that the department of corrections had incorrectly calculated Powers's "Incentive Good Time" status based upon an opinion of the attorney general regarding §§ 14-9-20 through -25, Code ofAlabama 1975).
Therefore, this judgment is reversed and the cause remanded to the trial court to determine whether the petitioner has been afforded the proper computation of good time credits. A return is is to be made to this Court within 45 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
[1] The 1991 amendment to § 14-9-41, Code of Alabama 1975, effective October 29, 1991, among other things, substituted "more than 15" for "10 or more" years in the first sentence of subsection (e). *Page 1060