The appellant, Donald Dwight Johnson, an inmate serving a 15-year sentence at Staton Correctional Facility for the unlawful distribution of a controlled substance, appeals from the circuit court's summary denial of his petition for a writ of habeas corpus, wherein he challenges the calculation of credit for time he spent in jail pending his trial. The appellant claims that although he spent 12 months in jail awaiting trial, only 41 days of that time was credited to his sentence as required by §§ 15-18-5 and 15-18-7, Ala. Code 1975.
Attached to the state's response to the appellant's petition is a computer printout of the appellant's "Inmate Summary" maintained by the Department of Corrections, which reflects that the appellant was credited with 41 days of pretrial jail time on his sentence in the unlawful distribution case, CC-90-2841, tried in the Jefferson County *Page 1105 
Circuit Court. The state's response also contains an affidavit from the director of records for the Department of Corrections averring that the appellant received the 41 days of jail credit based on the certified report of the clerk of the circuit court in which the appellant was convicted and sentenced, as set out in § 15-18-5.[1] While the state's response indicates that the clerk of the sentencing court was the source for the 41-day figure, the state's response does not sufficiently address the what is the substance of the appellant's claim in his petition: that the clerk of the sentencing court either miscalculated or misreported the correct amount of pretrial jail time on the forms submitted to the Department of Corrections.
"A petition for writ of habeas corpus is a proper procedure to test whether the State has properly calculated the amount of time the inmate must serve in prison." Mead v. State,475 So.2d 645 (Ala.Cr.App. 1985). See Hardy v. State, 534 So.2d 328
(Ala.Cr.App. 1986); Boutwell v. State, 488 So.2d 33
(Ala.Cr.App. 1986).
We hold that the appellant's petition has sufficient merit to warrant a hearing to determine whether the clerk of the sentencing court properly calculated and reported the amount of the appellant's pretrial jail time in case no. CC-90-2841 and to ascertain how much time the appellant did spend in jail pending trial in that case.
This case is hereby remanded to the circuit court for that court to conduct a hearing on this issue. A return to remand shall be filed with this court within 63 days.
REMANDED WITH DIRECTIONS.*
All Judges concur.
[1] The state argues in its response that § 14-3-38, Ala. Code 1975, does not allow jail credit to be aggregated on concurrent sentences. We question, however, whether § 14-3-38 is even relevant to the claim raised by the appellant, because while the appellant's "Inmate Summary" reflects that the appellant was convicted and sentenced for several other offenses before and after his sentencing in the unlawful distribution case, it does not appear that the appellant is seeking to apply credit for time in jail accumulated in any other case toward his sentence in case no. CC-90-2841. See, e.g., Mintz v. State,675 So.2d 1356 (Ala.Cr.App. 1995).
* Note from the Reporter of Decisions: On August 23, 1996, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.