COBB, Judge.
The appellant, Michael Edward Grier, appeals from the denial of his petition for a writ of habeas corpus. On November 16, 1988, the appellant was convicted of escape in the second degree. He was given a 10-year sentence, which was split, and he was ordered to serve 18 months in prison followed by 5 years’ probation. The appellant was released and placed on probation in June 1990. In September 1990, the appellant’s probation was revoked and he was ordered to serve the remainder of his sentence.
In his petition, the appellant alleges that he was not given credit for the time he spent in prison before his probation and he argued that he should be allowed to earn good time credits for that period. In its order the trial court states that the appellant “has failed to allege any reason why he is being illegally detained or unlawfully deprived of his liberty.”
“It is well settled that ‘a petition for writ of habeas corpus is the proper procedure to test whether the state has properly calculated the amount of time an inmate must serve in prison.’ Morris v. State, 565 So.2d 288, 289 (Ala.Cr.App.1990); Risner v. State, 522 So.2d 336 (Ala.Cr.App.1988).”
Warren v. State, 598 So.2d 1058 (Ala.Crim.App.1992). We cannot tell from the record how much time, if any, the appellant is being given credit for; therefore, we must remand this cause to the circuit court so that it can address the appellant’s allegations concerning credit for time served and good time credits. The court shall then make written *825 findings of fact and file them -within 84.days of this opinion.
REMANDED WITH DIRECTIONS. 
All the Judges concur.