On October 7, 1999, the appellant, Roger Dale Frazier, pleaded guilty to two counts of robbery in the second degree; nine days later, the appellant was tried on a charge of, and was convicted of, escape. For these offenses, the appellant was sentenced to three life sentences, which were to be served concurrently. This appeal is from the denial of the appellant's petition for a writ of habeas corpus.
The appellant argues that he was not credited with the proper amount of jail time for the time he served while awaiting trial. The Alabama Department of Corrections moved to dismiss the petition as moot, offering the affidavit of Kathy Holt, correctional records assistant director for the Department, and certified copies of the forms indicating the amount of credit for time served. Both the affidavit and the certified forms indicate that the appellant was credited with 154 days for each robbery conviction and with 137 days for his escape conviction. The trial judge subsequently dismissed the petition for the writ of habeas corpus, stating that the appellant had not demonstrated that he had been deprived of a constitutionally protected liberty interest.
Section 15-18-5, Ala. Code 1975, requires that "actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections." The Department did comply with the Code section. However, it failed to explain the method used to calculate the appellant's jail credit. The appellant claims that he has been continuously incarcerated since his arrest on June 14, 1995. A review of the record reveals that he has been credited with 154 days of jail credit for each of his two robbery convictions and with 137 days for his escape conviction. Because the Department did not establish the method used to calculate the appellant's jail credit, this Court finds that the petition should not have been summarily dismissed. The petition has sufficient merit to necessitate a hearing to determine whether the circuit clerk correctly calculated and reported the appellant's jail credit. Johnson v. State, 681 So.2d 1104
(Ala.Crim.App. 1996); Campbell v. State, [Ms. CR-99-0448, March 31, 2000] ___ So.2d ___ (Ala.Crim.App. 2000). Accordingly, this case is remanded to the trial court with directions that that court hold a hearing on this issue. A return should be filed with this Court within 45 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
Long, P.J., and Cobb, Baschab, and Fry, JJ., concur.