The appellant, Jimmy Day, an inmate at Bullock County Correctional Facility, appeals from the circuit court's dismissal of his petition for a writ of habeas corpus. Specifically, he alleges that the Alabama Department of Corrections ("DOC") improperly computed the expiration date of his sentence. *Page 1207 
As best we are able to determine from the record before us, Day was convicted in 1977 of one count of second-degree burglary; he was sentenced to three years' imprisonment. In 1978, he was convicted of one count of false pretenses and was sentenced to three years' imprisonment. In 1979, Day was convicted of one count of grand larceny and sentenced to two years' imprisonment. In 1982, Day was convicted of 23 counts of fraudulent use of a credit card. He was sentenced to 20 years' imprisonment for each conviction, and the sentences were to run concurrently with each other but consecutively with the sentences imposed as a result of Day's prior convictions.[1] Thereafter, in 1983 Day was convicted of first-degree theft and was sentenced to two years' imprisonment; his sentence was ordered to run concurrently with his previous two-year sentences. In 1986, Day escaped from custody; following his recapture, he was convicted of one count of third-degree escape and was sentenced to two years' imprisonment; the sentence was to run concurrently with his previous 20-year sentences. Day was released on parole again in 1997, but his parole was again revoked. Finally, in 1999, Day was convicted of impersonating a peace officer and was sentenced to 15 years' imprisonment; that sentence was to run concurrently with Day's previous 20-year sentences.
Based on a statute in force at the time of Day's 1977, 1978, and 1979 convictions, Day earned a deduction from the time he had to serve in prison under a system referred to as "statutory good time" ("SGT"). However, the Legislature repealed the SGT statutes in 1980 and enacted a new system by which to calculate deductions in inmate sentences; this method is entitled "correctional incentive time" ("CIT"). See § 14-9-41, Ala. Code 1975. However, inmates who had earned SGT continued to have that time computed by DOC and credited against the applicable sentences. As a result, part of Day's sentence had to be calculated using SGT and part using CIT.
On September 13, 2002, Day petitioned for a writ of habeas corpus, alleging that DOC had miscalculated the time he was required to serve. Specifically, he argued that DOC had not credited him with all of the SGT time to which he was entitled, resulting in a miscalculation of his release date. The State responded, contending that Day's release date had been properly calculated. Included in the State's response were exhibits establishing how the length of Day's sentence had been calculated. On October 23, 2002, the circuit court dismissed Day's petition. This appeal followed.
A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. Breach v. State, 687 So.2d 1257
(Ala.Crim.App. 1996); Swicegood v. State, 646 So.2d 158
(Ala.Crim.App. 1993). On appeal, Day argues (1) that the circuit court erred in dismissing his petition without first conducting an evidentiary hearing; and (2) that DOC miscalculated the amount of time he was required to spend in prison. In its response to Day's brief, DOC states:
 "In reviewing this matter on appeal, [the State] determined that the computation of [Day's] end of sentence date had been incorrectly calculated and this finding significantly affects the affidavit *Page 1208 
previously submitted to the trial court for its consideration."
Accordingly, DOC requests that we remand this case to the circuit court for the entry of a new order. It argues that the circuit court should have the opportunity to review a new affidavit containing the correct information regarding Day's sentence before rendering a decision on Day's habeas corpus petition. We agree.
In light of the foregoing, we remand this cause to the circuit court with directions that that court allow DOC to file an amended response reflecting the correct calculation of Day's SGT credit and his release date. The circuit court shall then enter a new order on the merits of Day's petition. The court's return to remand shall include a transcript of any proceedings conducted by the circuit court on remand, any supplemental filings submitted by the parties, together with any additional evidence submitted by the parties, and the circuit court's new order on the merits of Day's petition. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.
[1] It appears that Day escaped from custody in 1978, while serving his sentence for second-degree burglary; thus, his sentence was tolled. Day also appears to have been released on parole in 1980. However, his parole was subsequently revoked.
* Note from the reporter of decisions: On November 21, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.