On October 24, 2003, the appellant, Wesley Randall Quick, was sentenced to 33 years' imprisonment for his two first-degree-burglary convictions and to 10 years' imprisonment for his third-degree-burglary conviction; all three sentences were to be served consecutively for a total of 76 years' imprisonment.
Quick appeals from the circuit court's dismissal of his petition for a writ of habeas corpus, in which he challenges the calculation of credit for time he spent in jail before trial.
Quick argues that he was not credited with the proper amount of time for the time he served in jail while awaiting trial. Specifically, Quick claims that he has been continuously incarcerated since he was arrested for burglary in 1995 and that the clerk is crediting him only with jail time accrued from the date of his acquittal on the charge of capital murder to the date he was sentenced on his burglary convictions.
The State moved to dismiss Quick's petition. In support of its response, the State offered the affidavit of Kathy Holt, correctional records director for the Department of Corrections, averring that Quick received 213 days of jail credit for each burglary conviction based on the certified report of the clerk of the circuit court in which Quick was convicted and sentenced, as required by § 15-18-5, Ala. Code 1975. Attached to the affidavit were certified copies of the clerk's forms indicating the amount of credit Quick had accrued for time served. The trial judge subsequently dismissed the petition for the writ of habeas corpus.
Section 15-18-5, Ala. Code 1975, requires that "actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections." Although the State's response indicates that the Department awarded the jail credit as certified by the circuit clerk, the State's response does not sufficiently address the substance of Quick's claim in his petition: that the clerk of the sentencing court either miscalculated or misreported the correct amount of pretrial jail time on the forms submitted to the Department of Corrections.
Quick has alleged that he was not given jail credit for the years he spent in jail between his arrest in 1995 and his sentencing in 2003. His petition has sufficient merit to necessitate a hearing to determine whether the circuit clerk correctly calculated and reported Quick's jail credit and to ascertain how much time Quick did spend in jail pending trial on his burglary charges. See Frazier v. State,800 So.2d 606 (Ala.Crim.App. 2000) (petition had sufficient merit to necessitate a hearing to determine whether jail credit was correctly calculated and reported); Johnson v. State,681 So.2d 1104 (Ala.Crim.App. 1996) (inmate was entitled to evidentiary hearing to determine whether pretrial jail time was properly calculated and reported). Accordingly, this case is remanded to the trial court with directions that the court hold a hearing on this issue. A return should be filed with this Court within 45 days of the release of this opinion. *Page 416 
REMANDED WITH DIRECTIONS.*
BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur.
* Note from the reporter of decisions: On October 26, 2007, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.