BASCHAB, Presiding Judge.
The appellant, Jerry Gunn, an inmate incarcerated at St. Clair Correctional Facility, filed a petition for a writ of habeas corpus, arguing that he has not been credited with sufficient time for the time he spent in jail awaiting trial. After the Alabama Department of Corrections (“DOC”) responded, the circuit court summarily dismissed the petition. This appeal followed.
The appellant argues that the circuit court erroneously summarily dismissed his petition. In his petition, he asserted that he was arrested in Connecticut pursuant to an Alabama extradition warrant for first-degree robbery on November 13, 1995; that the extradition warrant was served on him on February 14, 1996; that he was turned over to Alabama authorities on February 23, 1996; that he was sentenced in Talladega County for first-degree robbery on July 2, 1996; that he has not been credited with all of the time he was incarcerated awaiting trial on the first-degree robbery case; and that he is entitled to credit for all of the time he spent incarcerated in Connecticut awaiting trial on the first-degree robbery case.
“A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. Swicegood v. State, 646 So.2d 158 (Ala.Cr.App.1993). Section 15-18-5, Ala.Code 1975, requires that a convicted person be ‘credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.’ ”
Graves v. State, 710 So.2d 535, 536 (Ala.Crim.App.1997). Furthermore,
“[wjhen the State responds to a habeas corpus petition merely by making broad, *713 general arguments that do not address the petitioner’s specific claims, the State has failed to refute the facts alleged by the appellant and those facts must therefore be taken as true. Swicegood. See also Boutwell [v. State, 488 So.2d 33, 34 (Ala.Crim.App.1986) ] (‘The State offered no facts which contradict those set out in the petition. Therefore, the unre-futed facts set out in the petition must be taken as true.’).”
Mintz v. State, 675 So.2d 1356, 1357-58 (Ala.Crim.App.1995).
In this case, DOC did not refute the appellant’s specific allegation that he is entitled to additional credit for the time he spent incarcerated in Connecticut awaiting trial. Rather, it attached an affidavit from Kathy Holt, the Correctional Records Director for DOC, in which she stated that DOC gives jail credit as certified by the circuit clerk; that it had given the appellant 130 days of jail credit, as certified by the Talladega County Circuit Clerk; and that it had properly calculated the appellant’s minimum release date.
We addressed a similar situation in Quick v. State, 983 So.2d 414, 415 (Ala.Crim.App.2007), as follows:
“Quick appeals from the circuit court’s dismissal of his petition for a writ of habeas corpus, in which he challenges the calculation of credit for time he spent in jail before trial.
“Quick argues that he was not credited with the proper amount of time for the time he served in jail while awaiting trial. Specifically, Quick claims that he has been continuously incarcerated since he was arrested for burglary in 1995 and that the clerk is crediting him only with jail time accrued from the date of his acquittal on the charge of capital murder to the date he was sentenced on his burglary convictions.
“The State moved to dismiss Quick’s petition. In support of its response, the State offered the affidavit of Kathy Holt, correctional records director for the Department of Corrections, averring that Quick received 213 days of jail credit for each burglary conviction based on the certified report of the clerk of the circuit court in which Quick was convicted and sentenced, as required by § 15-18-5, Ala.Code 1975. Attached to the affidavit were certified copies of the clerk’s forms indicating the amount of credit Quick had accrued for time served. The trial judge subsequently dismissed the petition for the writ of habeas corpus.
“Section 15-18-5, AIa.Code 1975, requires that ‘actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.’ Although the State’s response indicates that the Department awarded the jail credit as certified by the circuit clerk, the State’s response does not sufficiently address the substance of Quick’s claim in his petition: that the clerk of the sentencing court either miscalculated or misreported the correct amount of pretrial jail time on the forms submitted to the Department of Corrections.
“Quick has alleged that he was not given jail credit for the years he spent in jail between his arrest in 1995 and his sentencing in 2003. His petition has sufficient merit to necessitate a hearing to determine whether the circuit clerk correctly calculated and reported Quick’s jail credit and to ascertain how much time Quick did spend in jail pending trial on his burglary charges. See Frazier v. State, 800 So.2d 606 (Ala.Crim.App.2000)(petition had sufficient merit to necessitate a hearing to determine whether jail credit was correctly calculated and reported); John *714 son v. State, 681 So.2d 1104 (Ala.Crim.App.1996)(inmate was entitled to evidentiary hearing to determine whether pretrial jail time was properly calculated and reported). Accordingly, this case is remanded to the trial court with directions that the court hold a hearing on this issue.”
The appellant’s argument that he has not been properly credited with all of the time he spent incarcerated awaiting trial on the first-degree robbery case may be meritorious. See § 15-18-5, Ala.Code 1975; Culbreth v. State, 966 So.2d 912 (Ala.Crim.App.2007). Accordingly, we remand this case to the circuit court with instructions that it conduct an evidentiary hearing on the appellant’s petition. If the circuit court determines that the appellant is not entitled to any additional credit, it shall make specific findings of fact explaining why he is not entitled to such credit. If the appellant is entitled to credit for additional time he spent incarcerated awaiting trial, then the circuit court should grant the petition, and the appellant should be given the additional credit against his sentence. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS*
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.

 Note from the reporter of decisions: On August 10, 2007, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.