McMILLAN, Judge.
 

 The appellant, Eddie James Perkins, appeals from the circuit court’s denial of his petition for writ of habeas corpus filed July 27, 2006, in which he claimed that the Alabama Department of Corrections (“DOC”) had not credited him with time previously served in cases no. CC-72-29130 and no. CC-72-29095 in the Jefferson Circuit Court. In case no. CC-72-29130 Perkins entered a guilty plea for robbery on February 22, 1972, and was sentenced to 20 years. In case no. CC-72-29095 Perkins was a convicted of assault with intent to murder on June 7, 1972, and was sentenced to 10 years, to run concurrently with his sentence in case no. CC-72-29130.
 

 A petition for writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison.
 
 Day v. State,
 
 879 So.2d 1206, 1207 (Ala.Crim.App.2003);
 
 Graves v. State,
 
 710 So.2d 535 (Ala.Crim.App.1997). We assume DOC’s calculations are correct unless there is some proof to the contrary.
 
 Morrison v. State,
 
 687 So.2d 1259 (Ala.Crim.App.1996).
 

 The State filed a motion to dismiss Perkins’s petition on November 21, 2006, in which it noted:
 

 “Inmate Eddie James Perkins was sentenced February 22, 1972 to 20 years on CC-72-29130, and on June 7, 1972 was sentenced to 10 years on CC-72-29095 with 84 days of jail credit. He was subsequently sentenced to a consecutive sentence May 3, 1979 to 60 years with 217 days of jail credit on CC-78-550, sentenced October 5,1979 to 60 years on CC-79-021, and sentenced October 5, 1979 to 20 years on CC-78-549. Inmate Perkins has been credited with all applicable credit. His minimum release date of February 22, 2012 is correct.”
 

 Attached to the State’s motion was an affidavit from Kathy Holt, director of records for DOC, copies of the transcript of minutes for each conviction, and a copy of Perkins’s inmate summary as of August 2, 2006, which shows inmate disciplinary and citation history. The trial court granted the State’s motion to dismiss on Februai’y 13, 2007.
 

 Perkins filed a motion for reconsideration on March 13, 2007, claiming that he was denied a right to appear, that the court conducted a hearing on the petition without transcribing the proceedings, and that he never received a copy of the order of dismissal providing him with the basis of the court’s decision. He further claimed that he had served six years and four months before he was released on parole but that he was not credited with the time after his parole was revoked and he was reincarcerated. The trial court denied his motion for reconsideration on March 13, 2007.
 

 On appeal, Perkins raises the following issues: 1) whether Perkins was denied due process by the failure of the court to i-ec-ord the arguments of counsel at the hearing on petition; 2) whether Perkins had a right to appear at the hearing on his petition; and 3) whether the trial court erred
 
 *619
 
 in granting the State’s motion to dismiss. The State argues that Perkins requested appointed counsel and that counsel, in his discretion, had the opportunity to offer whatever evidence Perkins felt relevant.
 

 It does not appear from the record on appeal that Perkins requested that counsel be appointed. The circuit court’s date-stamp on Perkins’s petition is July 11, 2006, and on July 27, 2006, an affidavit of substantial hardship was filed. At that time the trial court granted indigency status and appointed counsel to represent Perkins. It does not appear from the record that appointed counsel performed any action on Perkins’s behalf. Furthermore, from the record on appeal, we cannot tell whether a hearing was held on Perkins’s habeas corpus petition. After the circuit court granted the State’s motion to dismiss the petition, appointed counsel filed with the circuit court a motion to withdraw, and that motion was granted.
 

 Section 15 — 22—54(d)(3), AIa.Code 1975, provides, in relevant part:
 

 “If revocation results in a sentence of confinement, credit shall be given for all time spent in custody prior to revocation. Full credit shall be awarded for full-time confinement in facilities such as pounty jail, state prison, and boot camp.”
 

 Perkins has alleged that he was not given jail credit for the six years and four months he served before his probation was revoked. DOC states that Perkins has been credited with all applicable credit. Nowhere in DOC’s calculations, however, does it indicate that Perkins was credited with time served prior to his probation revocation.
 

 In a similar case, this Court held:
 

 “Quick has alleged that he was not given jail credit for the years he spent in jail between his arrest in 1995 and his sentencing m 2003. His petition has sufficient merit to necessitate a hearing to determine whether the circuit court correctly calculated and reported Quick’s jail credit to ascertain how much time Quick did spend in jail pending trial on his burglary charges. See
 
 Frazier v. State,
 
 800 So.2d 606 (Ala.Crim.App.2000)(petition had sufficient merit to necessitate a hearing to determine whether jail credit was correctly calculated and reported);
 
 Johnson v. State,
 
 681 So.2d 1104 (Ala.Crim.App.1996) (inmate was entitled to an evidentiary hearing to determine whether pretrial jail time was properly calculated and reported). Accordingly, this case is remanded to the trial court with directions that the court hold a hearing on this issue.”
 

 Quick v. State,
 
 983 So.2d 414, 415 (Ala.Crim.App.2007).
 

 Because Perkins’s petition has sufficient merit, this cause is remanded to the trial court to hold a hearing, at which Perkins is present, to determine the issue whether he is due credit for time served before his probation was revoked. The return to remand shall include the circuit court’s specific written findings of fact and a transcript of the evidentiary hearing. Due return shall be made to this Court within 56 days of the date of this opinion.
 

 REMANDED WITH INSTRUCTIONS.
 
 *
 

 BASCHAB, P.J., and SHAW, WISE, and WELCH, JJ., concur.
 

 *
 

 Note from the reporter of decisions: On December 19, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion.