**Grady BOUTWELL, Petitioner–Appellant,**

v.

**Eddie NAGLE and the Attorney General of the State of Alabama, Respondents–Appellees.**

**No. 87–7395.**

United States Court of Appeals, Eleventh Circuit.

Dec. 21, 1988.

---

James M. Head, Jr., Alston & Bird, Atlanta, Ga., for petitioner-appellant.

Don Siegelman, Atty. Gen., Rivard Melson, Asst. Atty. Gen., Montgomery, Ala., for respondents-appellees.

Before HILL and EDMONDSON, Circuit Judges, and WISDOM *, Senior Circuit Judge.

HILL, Circuit Judge:

In this habeas corpus proceeding, the United States District Court for the Northern District of Alabama adopted and approved a magistrate's finding that Grady Boutwell is not entitled to credit for thirty-one months spent in custody in the State of Washington prior to his extradition to Alabama. We affirm the district court's denial of Boutwell's petition.

In 1965, an Alabama court convicted petitioner Boutwell of second degree murder and sentenced him to thirty years of imprisonment. Boutwell escaped from an Alabama prison in February, 1975, but was recaptured several months later as he attempted to enter Washington from Canada. Boutwell was arrested on the basis of a federal warrant, issued under 18 U.S.C.

§ 1073, for the federal offense of moving in interstate commerce with intent to avoid custody or confinement for a felony. Beginning on January 22, 1976, Boutwell was held in custody at the King County Jail, Seattle, Washington.

In February, 1976, the Governor of Alabama requested that Boutwell be extradited from Washington to Alabama. Boutwell challenged extradition by filing a writ of habeas corpus, but in November, 1978, the Washington Supreme Court determined that the Washington courts "lacked jurisdiction to inquire into the merits of [Boutwell's] petition...." *State ex rel. Boutwell v. Coughlin,* 586 P.2d 1145, 1149 (Wash.1978). In August, 1978, a few months prior to the time the Washington Supreme Court issued its opinion, Boutwell escaped again, apparently walking away from a work release program in Washington. Boutwell was recaptured in Alaska in November, 1980, and finally was returned to Alabama in August, 1981. Alabama Corrections authorities have since refused to credit his original thirty-year Alabama sentence with the thirty-one months spent in custody in Washington.

On January 7, 1986, Boutwell filed his first petition for the writ of habeas corpus seeking credit for the cumulative time that he was in pretrial detention in Alabama and jailed in Washington and Alaska. This initial petition was dismissed because Boutwell failed to comply with an order to amend his complaint to detail the facts entitling him to credit. In the present petition, Boutwell limits his claim for credit to the thirty-one months he spent in jail in Washington.

Boutwell contends that Alabama's refusal to credit the thirty-one months amounted to a deprivation of his constitutional rights under the Fifth and Fourteenth Amendments. Petitioner specifically alleges that he has been denied substantive due process on account of an unlawful lengthening of his sentence. Given the facts of this case,

---

* Honorable John Minor Wisdom, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

an equal protection claim would be without merit and has not been asserted by petitioner.

In *Palmer v. Dugger*, 833 F.2d 253 (11th Cir.1987), this court stated, "[a]s a general rule, a state prisoner has no federal constitutional right to credit for time served prior to sentence absent a state statute granting such credit."[1] *Id.* at 254 (citing *Jackson v. Alabama*, 530 F.2d 1231, 1235 (5th Cir. 1976); *Gremillion v. Henderson*, 425 F.2d 1293, 1294 (5th Cir.1970)). If, absent a state statute, a prisoner has no right to credit for time served before he or she has been convicted, then without a statute the prisoner certainly has no right to credit for time spent in out-of-state custody while he or she is an escapee from the state's prison system. Alabama has no statute granting Boutwell credit for the time he spent in jail in Washington before he was returned to Alabama's custody. Alabama does provide that: "[a]n escapee from a state penal institution who is recaptured and returned to custody shall be credited with all of his actual time spent incarcerated *within the state of Alabama* prior to his transfer and return to the custody of board of corrections (penal system)." Ala.Code § 15–18–6 (1975) (emphasis added). By implication, the Alabama legislature does not intend to credit time spent in prisons outside the state. Petitioner does not offer any regulation or statute which contradicts § 15–18–6, and in fact argues that his right is based on the federal constitution independent of any state law.

The time that Boutwell spent in a Washington jail while challenging extradition relates to the process of extradition and not to the service of his Alabama sentence. Boutwell had a choice between challenging extradition and agreeing to return to Alabama. He chose to challenge extradition and remain in Washington rather than to return to the Alabama prison system from which he had escaped and continue serving his thirty-year sentence. To credit Bout-

well's Alabama sentence for time he spent in out-of-state custody while challenging extradition, in effect, would allow Boutwell to choose the state of his incarceration for the period of time during which his extradition challenge was pending. Petitioner has no constitutional right to do so. *See Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Francis v. Fox*, 838 F.2d 1147 (11th Cir.1988); *Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937 (11th Cir.1987).

We conclude that petitioner is not entitled to credit against his Alabama sentence for time spent in custody in a Washington jail following his escape from an Alabama prison. The decision of the district court to deny the writ is AFFIRMED.

---

1. Regarding this "general rule," the court in *Palmer* went on to discuss the exception made for an indigent pretrial detainee who: (1) "is held for a bailable offense," (2) "is unable to make bail because of indigence," and (3) "is

sentenced to the statutory maximum sentence for that offense." *Id.* at 255. As stated above, the facts of the present petition do not support such an equal protection claim.