Paul Swicegood filed a petition for writ of habeas corpus with the Barbour Circuit *Page 159 
Court. In the petition, the appellant states that he was arrested on June 11, 1988, on the charge of burglary in the third degree and that he was released on bond on September 12, 1988. The appellant alleges that he was sentenced for this offense on March 24, 1989. The appellant states that after his unsuccessful appeal, he was taken into custody on November 20, 1991, and placed in the Jefferson County jail. He states that he remained in that jail until March 24, 1992, when he was transferred to Kilby Prison in Montgomery.
The appellant states that he was properly given credit for the time he spent in jail from June 11, 1988 (the date of his arrest), to September 12, 1988 (the date he was released on bond.) See Ala. Code 1975, § 15-18-5. However, he contends that he was not given credit for the time he spent in the Jefferson County Jail awaiting transfer to Kilby.
" 'A petition for writ of habeas corpus is a proper procedure to test whether the State has properly calculated the amount of time the inmate must serve in prison.' " Boutwell v. State,488 So.2d 33 (Ala.Crim.App. 1986) (quoting Mead v. State,475 So.2d 645 (Ala.Crim.App. 1985)). In its response, which included a motion to dismiss, the State argues that the appellant is not "being denied retroactive incentive deductions in an arbitrary and capricious manner," that the ex post facto clause is not implicated in the denial of "good-time" credit and that the statute authorizing good-time credit does not violate the Equal Protection Clause or the Ex Post Facto Clause of the United States Constitution or constitute an ex post facto law. The circuit court made the notation "motion granted" on the bottom of the State's response. Clearly, the State failed to respond to the appellant's allegation that he should have, but was not, given good-time credit for the period November 20, 1991 to March 24, 1992.
The State failed to refute the facts alleged by the appellant and, therefore, these alleged facts must be taken as true.Giles v. State, 462 So.2d 1063 (Ala.Crim.App. 1985); Boutwell.
The circuit court erred by summarily dismissing the petition without holding an evidentiary hearing on the appellant's petition. Thus, this cause is remanded to the circuit court with instructions that a hearing be held on the appellant's petition. A return to remand shall be filed with this court within 60 days.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.