This appeal is from the denial of a petition for a writ of habeas corpus filed by Steven Lamar Mintz, the appellant. The appellant's petition challenged the Alabama Department of Corrections' calculation of credit to be applied to his sentence in each of three cases in which he was convicted of theft in the Circuit and District Courts of Jefferson County (DC-89-8495, DC-89-8709, and CC-93-660). On appeal, the appellant contends, citing Swicegood v. State, 646 So.2d 158
(Ala.Cr.App. 1993), that this case should be remanded for an evidentiary hearing because, he says, the State failed to adequately answer the issues raised in his petition. We agree.
In his petition, the appellant made the following claims: (1) that he is entitled to 151 days of credit in CC-93-660 instead of the 36 days reflected on the Department of Corrections' "Inmate Summary," C.R. 12, because he was incarcerated for 151 days before trial; (2) that he is entitled to 243 days of credit in DC-89-8709, although the inmate summary does not reflect any credit on this case, C.R. 12, because the transcript of record shows that the trial court gave him 243 days of credit, C.R. 17; and (3) that he is entitled to an additional 365 days of credit in both CC-89-8709 and CC-89-8495 because in each of those cases his sentence was split and he was ordered to serve 1 year in boot camp and the remainder on probation, and in each case, he served that year before being placed on probation, his probation was subsequently revoked, and his sentence became effective. The sentences in all three cases were to be served concurrently.
The State responded to the appellant's petition by filing a motion to dismiss the petition and attaching to that response an affidavit from Betty H. Teague, Director of Records for the Alabama Department of Corrections. C.R. 21-23. The motion to dismiss appears to be a form pleading and is not specific. The affidavit simply states:
 "This is to certify that Steven Lamar Mintz, 146437, release date of 3/27/98 is based upon case # CC-93-660. Pursuant to Code of Alabama [§] 14-3-8, on concurrent cases, each case is computed separately and the inmate is to be discharged at the expiration of the longest term of confinement. Jail credit is not aggregated on concurrent cases. Mr. Mintz cannot receive jail credit for one case and apply it towards another case."
C.R. 22. The trial court denied the petition on the basis of the affidavit. C.R. 24. It appears from the record that the trial court did not hold a hearing on the merits of the petition. Although the case action summary shows that a hearing date was set and that the trial court's order was filed on the day after the hearing was scheduled, C.R. 1, nothing in the record affirmatively shows that a hearing was held. Moreover, even if one was held, it was not transcribed, a fact we know because the court reporter has certified that no testimony was taken in this case. C.R. 39.
However, while the record reflects that the appellant was sentenced concurrently in the three cases at issue,see C.R. 10-20, the record is also clear that he is not claiming that he is entitled to credit from each case and that the credit from all three cases should be aggregated; rather, he is claiming that the Department of Corrections improperly calculated the credit to be applied to each case. Neither the motion to dismiss filed by the State or affidavit in support of that motion addresses the appellant's claims or sets forth any facts that contradict the facts the appellant alleged.
" 'A petition for writ of habeas corpus is a proper procedure to test whether the State has properly calculated the amount of time the inmate must serve in prison.' " Swicegood v. State,646 So.2d 158, 159 (Ala.Cr.App. 1993) (quoting Boutwell v.State, 488 So.2d 33, 34 (Ala.Cr.App. 1986)). When the State responds to a habeas corpus petition merely by making broad, general arguments that do not address the petitioner's specific claims, the State has failed to refute the facts alleged by the appellant and those facts must therefore be taken as true.Swicegood. See also Boutwell, supra ("The State offered no *Page 1358 
facts which contradict those set out in the petition. Therefore, the unrefuted facts set out in the petition must be taken as true."). The appellant's petition should not have been summarily denied without an evidentiary hearing.Swicegood. Therefore, this cause is remanded to the trial court and that court is instructed to conduct a hearing. A return to remand shall be filed with this court within 63 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
* Note from the Reporter of Decisions: On February 9, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion.