PATTERSON, Judge.
The appellant, Kevin W. Osborn, appeals from the circuit court’s denial of his petition for a writ of habeas corpus in which he contested a prison disciplinary for creating a security, safety, or health hazard by running a hot electrical wire, carrying 276 volts, out of an electrical socket in his cell. For that disciplinary, the following punishment was given: 45 days’ segregation; loss of store and visitation privileges for 60 days; loss of telephone privileges for 30 days; and loss of 3 years and 8 months earned good-time credit. The loss of good-time credit was subsequently reduced to 18 months.[1]
One of the two claims Osborn raises in his petition was that he was denied his substantive due process when prison officials allegedly “failed to adhere to the effective date [of] the new revised edition of Regulation #403.”[2] He asserts that the rule he pleaded guilty to having violated was amended the day before the charged offense. Allegedly, the amendment changed the violation from a major violation, for which good time could be lost, to a minor violation, for which good time could not be lost. He also alleged that the deputy commissioner had indicated that the disciplinary was supposed to have been declared void and all good time restored, but that upon inquiry to the commissioner, he was informed that the disciplinary was still in place.
We find the following to be appropriate to the facts and issues before us:
“When the State responds to a habeas corpus petition merely by making broad, general arguments that do not address the petitioner’s specific claims, the State has failed to refute the facts alleged by the appellant and those facts must therefore be taken as true. Swicegood [v. State, 646 So.2d 158 (Ala.Cr.App.1993) ]. See also Boutwell [v. State, 488 So.2d 33 (Ala.Cr. App.1986)]. (‘The State offered no facts which contradict those set out in the petition. Therefore, the unrefuted facts set out in the petition must be taken as true.’). The appellant’s petition should not have been summarily denied without an eviden-tiary hearing. Swicegood.”
Mintz v. State, 675 So.2d 1356, 1357-58 (Ala. Cr.App.1995).
Accordingly, we remand this case to the circuit court for that court to consider Osborn’s petition on its merits.[3] The circuit court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
All Judges concur.

. We fail to find support in the record for the state’s assertion on appeal that all of the three years eight months good time was subsequently restored.

. Osborn also asserted in his petition that because the hearing officer had previously been a victim in a similar unrelated incident (he had been shocked by "a coffee stinger”), the officer could not have been unbiased and Osborn, therefore, was denied procedural due process. He also asserted that the hearing officer could not have been unbiased because the officer's direct supervisor' had ordered that the charge be brought against Osborn. We first note that the record does not show that Osborn challenged the hearing officer's impartiality at the time of the hearing. See Martin v. State, 562 So.2d 294 (Ala.Cr.App.1990). Moreover, these assertions, in and of themselves, do not support a presumption of prejudice and bias.

.Osborn appears to raise a new issue in his reply brief to this court. In the interest of judicial economy, the circuit court is directed to allow Osborn to supplement his petition before the circuit court's consideration on the merits.

 Note from the Reporter of Decisions: On December 20, 1996, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.