PATTERSON, Retired Appellate Judge.
Alphonso Blount appeals from the circuit court’s summary dismissal of his petition for a writ of habeas corpus, wherein he alleges that the Alabama Department of Corrections has improperly computed the statutory good time (SGT) he should have accrued. Specifically, he contends that he is entitled to receive three years’ and four months’ SGT for the period he was incarcerated from 1962 to 1972. He also contends that he should have been granted an evidentiary hearing on the merits of the petition.
The state’s response to the petition, upon which the circuit court based its dismissal, does not address Blount’s claim. The affidavit of Betty H. Teague, director of records for the Department of Corrections, offered by the state in support of its motion to dismiss, indicates that Blount has been credited with 22 years’ and 6 months’ SGT and that Blount’s release date of January 3, 2004, is correct. However, such meager information does not refute Blount’s claim.
“ ‘ “A petition for writ of habeas corpus is a proper procedure to test whether the State has properly calculated the amount of time the inmate must serve in prison.” ’ Swicegood v. State, 646 So.2d 158, 159 (Ala.Cr.App.1993) (quoting Boutwell v. State, 488 So.2d 33, 34 (Ala.Cr.App.1986)). When the State responds to a habeas corpus petition merely by making broad, general arguments that do not address the petitioner’s specific claims, the State has failed to refute the facts alleged by the appellant and those facts must therefore be taken as true. Swicegood. See also Boutwell, supra (‘The State offered no facts which contradict those set out in the petition. Therefore, the unrefuted facts set out in the petition must be taken as true.’).”
Mintz v. State, 675 So.2d 1356, 1357-58 (Ala.Cr.App.1995). Because we cannot ascertain from the record whether Blount has been credited with SGT for time served from 1962 to 1972, we remand this case to the circuit court with instructions that it issue written findings of facts setting forth the basis upon which it based its dismissal of Blount’s petition and its determination that the petition was frivolous. If necessary, the circuit court may conduct an evidentiary hearing to allow Blount the opportunity to present evidence to prove his claim and to allow the state the opportunity to respond. A return to remand shall be filed with this court within 60 days of the date of this opinion.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge *511 of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REMANDED WITH INSTRUCTIONS. 
All Judges concur.