The appellant, Kevin Wayne Graves, filed a petition for a writ of habeas corpus, arguing that he has not been given credit for the time he spent in jail between the date he was convicted and the date he was sentenced. Specifically, he asserts that he was incarcerated in the Escambia County jail on December 12, 1991, the date he was convicted, and that he remained in jail until January 9, 1992, the date he was sentenced. The appellant and the State agree that the appellant has been credited with only one day of jail credit. The State moved to dismiss the petition, but failed to refute the appellant's allegations regarding the time he spent in jail awaiting sentencing. Nevertheless, the trial court dismissed the petition, finding that the appellant has received all jail credit to which he is entitled.
A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. Swicegood v. State,646 So.2d 158 (Ala.Cr.App. 1993). Section 15-18-5, Ala. Code 1975, requires that a convicted person be "credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections." Although the form certified by the circuit clerk indicates that the appellant is to be credited with one day of jail credit, other documents submitted by the State reflect that the appellant was taken into custody on December 12, 1991. Thus, it appears that the appellant spent more than one day in jail before he was sentenced. However, he is receiving credit for only one day.
It is unclear from the record why the appellant has been credited with only one day of jail credit. The documents submitted by the State do not refute the appellant's allegations and do not explain how his jail credit has been calculated. Therefore, we remand this case to the trial court for that court to determine why the appellant has not been given credit for the time he spent in jail between the time he was convicted and sentenced. If the appellant is not entitled to any additional jail credit, the trial court shall make specific findings of fact explaining why the appellant is not entitled to such credit. If the appellant is entitled to credit for the time spent in jail, then the petition should be granted and he should be given the additional jail credit against his sentence. Due return shall be filed in this court no later than 56 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
All judges concur.
* On January 30, 1998, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion. *Page 537