BASCHAB, Judge.
The appellant, Julius Alfonzo Russell, Jr., filed a petition for a writ of habeas corpus, arguing that the Alabama Department of Corrections had incorrectly calculated the amount of credit he is entitled to receive for time spent in jail. He asserts that, although he has been given credit for 123 days spent in jail, he is entitled to an additional credit of 274 days. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.
The appellant argues that the circuit court erred in dismissing his petition without conducting an evidentiary hearing. The attorney general agrees, citing Johnson v. State, 681 So.2d 1104 (Ala.Cr.App.1996), and Mintz v. State, 675 So.2d 1356 (Ala.Cr.App.1995), and arguing that, because the State submitted only “general conclusions refuting Russell’s petition,” this court should remand this case for an evidentiary hearing.. (Attorney General’s brief at p. 4.) Because the State submitted only general allegations that do not sufficiently refute the appellant’s alleT gations, we agree.
“A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. Swicegood v. State, 646 So.2d 158 (Ala.Cr.App.1993). Section 15-18-5, Ala.Code 1975, requires that a convicted person be ‘credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.’ ”
Graves v. State, 710 So.2d 535, 536 (Ala.Cr.App.1997). Furthermore,
“[w]hen the State responds to a habeas corpus petition merely by making broad, *63 general arguments that do not address the petitioner’s specific claims, the State has failed to refute the facts alleged by the appellant and those facts must therefore be taken as true. Swicegood [v. State, 646 So.2d 158 (Ala.Cr.App.1993) ]. See also Boutwell [v. State, 488 So.2d 33 (Ala.Cr.App.1986) ] (‘The State offered no facts which contradict those set out in the petition. Therefore, the unrefuted facts set out in the petition must be taken as true.’).”
Mintz, 675 So.2d at 1357-58. In this case, the State did not refute the appellant’s specific allegation that he is entitled to additional credit for time spent in jail. Accordingly, we remand this case to the circuit court with instructions that that court conduct an evidentiary hearing on the appellant’s petition. If the circuit court determines that the appellant is not entitled to any additional credit, it shall make specific findings of fact explaining why the appellant is not entitled to a credit. If the appellant is entitled to a credit for additional time spent in jail, then the circuit court should grant the petition and the appellant should be given the additional credit against his sentence. The circuit court shall file a return to remand with this court, including its written findings of fact and a transcript of the evidentiary hearing, within 56 days after the release of this opinion.
REMANDED WITH DIRECTIONS. *
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.

 Note from the reporter of decisions: On November 12, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On December 10, 1999, that court denied rehearing, without opinion.