BASCHAB, Judge.
The appellant, Johnny Wayne Campbell, filed a petition for a writ of habeas corpus, arguing that he had not been credited with sufficient time for the time he spent in jail awaiting trial. The Alabama Department of Corrections filed a motion to dismiss the petition, but did not refute the appellant’s allegations regarding the time he spent in jail awaiting trial. After conducting an evidentiary hearing on the petition, the circuit court found that the appellant was entitled to credit for an additional 256 days spent in jail. This appeal followed-.
The appellant contends that, because the Department of Corrections did not refute his allegations, the circuit court should have granted him 608 days of jail credit.
“A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. Swicegood v. State, 646 So.2d 158 (Ala.Cr.App.1993). Section 15-18-5, Ala.Code 1975, requires that a convicted person be ‘credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.’ ”
Graves v. State, 710 So.2d 535, 536 (Ala.Cr.App.1997). Also,
“[w]hen the State responds to a habeas corpus petition merely by making broad, general arguments that do not address the petitioner’s specific claims, the State has failed to refute the facts alleged by the appellant and those facts must therefore be taken as true. Swicegood [v. State, 646 So.2d 158 (Ala.Cr.App.1993) ]. See also Boutwell [v. State, 488 So.2d 33 (Ala.Cr.App.1986) ] (‘The State offered no facts which contradict those set out in the petition. Therefore, the unrefuted facts set out in the petition must be taken as true.’).”
Mintz v. State, 675 So.2d 1356, 1357-58 (Ala.Cr.App.1995). In this case, the State did not refute the appellant’s allegation that he is entitled to an additional jail credit of 608 days. Furthermore, the record on appeal does not contain a transcript of the evidentiary hearing, and the circuit court did not specifically state its reasons for granting the appellant only 256 additional days of jail credit. Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings explaining why it determined that the appellant is entitled to an additional credit of only 256 days. If the circuit court determines that the appellant is entitled to a credit for additional time spent in jail, then it should amend its order and give the appellant the additional credit against his sentence. The circuit court shall file a return to remand with this court, including its written findings of fact, within 28 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS. 
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.