BASCHAB, Judge.
On December 13, 1999, the appellant, Vondale Parker, filed a petition for a writ of habeas corpus, alleging that the Alabama Department of Corrections (“DOC”) had not given him sufficient good time and jail credit. In his petition, he asserted that, on April 7, 1995, after he pled guilty to attempted second-degree arson, the trial court sentenced him to serve a term of fifteen years in prison, but split the sentence and ordered him to serve six months in prison and the remainder on probation. He also asserted that, in November 1995, he was arrested for a probation violation. He further asserted that, on February 16, 1996, the circuit court revoked his probation, and he' was sent to prison, where he allegedly earned good time at the rate of 75 days for every 30 days served. He alleged that he remained in prison until April 17, 1998, at which time he was released and again placed on probation as a result of the granting of a Rule 32 petition. Finally, he alleged that he was arrested for a probation violation in September 1998, that his probation was revoked on February 2, 1999, and that he was subsequently returned to prison. The State responded, arguing that the appellant was not entitled to good time credit because he had been serving the minimum period of confinement pursuant to a split sentence. Thereafter, the circuit court summarily denied the petition. This appeal followed.
The appellant argues that DOC has improperly refused to give him good time credit for the time he served from February 16, 1996, until April 17, 1998, as a result of the revocation of his probation. Specifically, he contends that, during that time, he was not serving the minimum period of confinement under his split sentence and he was earning good time at the rate of 75 days for every 30 days he actually spent in prison. With regard to split sentences, § 15-18-8, Ala.Code 1975, provides, in part:
“(g) No defendant serving a minimum period of confinement ordered under the provisions of subsection (a) shall be entitled to deductions from his sentence under the Alabama Correctional Incentive Time Act, during the minimum period of confinement so ordered; provided, however, that this subsection shall not be construed to prohibit application of the Alabama Correctional Incentive Time Act to any period of confinement which may be required after the defendant has served such minimum period.”
(Emphasis added.) The State argues that the appellant is not entitled to good time credit for the challenged time period because he was serving the minimum period of confinement pursuant to a split sentence. However, it has not presented any evidence to support that argument.
*168 AVhen the State responds to a habeas corpus petition merely by making broad, general arguments that do not address the petitioner’s specific claims, the State has failed to refute the facts alleged by the appellant and those facts must therefore be taken as true. Swicegood [v. State, 646 So.2d 158 (Ala.Crim.App.1993) ]. See also Boutwell [v. State, 488 So.2d 33 (Ala.Crim.App.1986)] (‘The State offered no facts which contradict those set out in the petition. ■ Therefore, the unrefuted facts set out in the petition must be taken as true.’).”
Mintz v. State, 675 So.2d 1356, 1357-58 (Ala.Crim.App.1995). Because the State has not presented any evidence to refute the appellant’s allegation that he was not serving the minimum period of confinement under his split sentence, it appears that DOC may have improperly refused to give the appellant good time credit for time he served between February 16,1996, and April 17, 1998. Accordingly, we remand this case to the circuit court with instructions that that court conduct an evi-dentiary hearing on the appellant’s petition. If the circuit court determines that the appellant is not entitled to any additional good time credit, it shall make specific findings of fact explaining why the appellant is not entitled to the good time credit. If it determines that the appellant is entitled to good time credit for the time he spent in prison between February 16, 1996, and April 17, 1998, then the circuit court should grant the petition, and the appellant should be given the additional good time credit. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court within 56 days after the release of this opinion. The return to remand shall include the circuit court’s written findings of fact and a transcript of the evidentiary hearing.[1]
REMANDED WITH INSTRUCTIONS. 
McMILLAN, PM., and COBB, SHAW, and WISE, JJ., concur.

. Because of our disposition of this issue, we pretermit discussion of the additional issue the appellant argues in his brief to this court.