Jessie James Ware appeals from the trial court's summary denial of his petition for a writ of habeas corpus,[1] wherein he contended that he is entitled to 437 days of jail credit for pretrial incarceration rather than the 176 days with which he was credited.
On March 26, 1998, Ware pleaded guilty to one count of burglary in the third degree and one count of theft of property in the second degree. See §§ 13A-7-7 and 13A-8-4, Ala. Code 1975. He was sentenced to 10 years' imprisonment for each conviction. The sentences were to run concurrently. On December 11, 2000, Ware filed a motion alleging that he had remained in jail awaiting trial from September 1997 to June 1999, and that this time had not been credited to his sentence as required by § 15-18-5, Ala. Code 1975. On January 23, 2001, the trial court denied his motion. Section 15-18-5, Ala. Code 1975, provides:
 "Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections."
The record in the present case does not contain a certified report of the circuit clerk indicating the source of the challenged amount of jail credit or the method by which that amount was calculated. Furthermore, we note that the State did not contradict the facts set out in Ware's petition; therefore, we must take those facts as true and treat the petition as meritorious on its face. See Swicegood v. State, 646 So.2d 158
(Ala.Crim.App. 1994); Boutwell v. State, 488 So.2d 33, 34 (Ala.Crim.App. 1986). Based on the record, we conclude that a hearing is necessary to determine whether the clerk accurately calculated Ware's jail credit. This cause is, therefore, remanded to the trial court for further proceedings consistent with this opinion. On remand, the trial court should make specific, written findings of fact explaining why it determined that Ware was not entitled to more than 176 days of jail credit. If the trial court determines that Ware is entitled to an additional jail credit, then it should amend its order and credit the additional time toward *Page 595 
his sentence. A return to remand, including the trial court's written findings of fact, shall be filed within 45 days of the release of this opinion. See Campbell v. State, 773 So.2d 1056 (Ala.Crim.App. 2000).
REMANDED WITH DIRECTIONS.
McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.
[1] The appellant actually styled his petition a "Motion for Correction of Jail Credit." (C. 1-2.) However, it is well established that a petition for a writ of habeas corpus is the proper method by which to challenge the calculation of an inmate's term of imprisonment, seeSwicegood v. State, 646 So.2d 158 (Ala.Crim.App. 1993); thus, even when a petition is not designated as such, we will treat it as a petition.Boutwell v. State, 488 So.2d 33 (Ala.Crim.App. 1986).