The appellant, Michael Dupaquier, filed a petition for a writ of habeas corpus, arguing that the Alabama Department of Corrections ("DOC") had not properly calculated the date on which he should be released from prison. He was arrested for unlawfully breaking and entering a vehicle on December 30, 1992, and was arrested for second-degree escape on May 12, 1993. On May 19, 1993, he pled guilty to unlawfully breaking and entering a vehicle and attempted second-degree escape, and the trial court sentenced him to serve concurrent terms of fifteen years in prison on each conviction. However, it split the sentences and ordered him to serve three years in prison followed by five years on probation. The appellant alleges that he served the three-year minimum period of confinement from May 19, 1993, until May 19, 1996, after which he was released on probation. On August 16, 1999, the circuit court conducted a revocation hearing and revoked his probation. It further ordered that, because he had been declared delinquent in December 1996, he would "receive credit for the time he served in Texas and California on this conviction." (C.R. 49.) On December 15, 1999, the circuit court conducted a hearing and ordered that the appellant be credited with 929 days for the time he had served in Texas, California, and Alabama between the time he was released on probation and December 15, 1999. DOC filed a motion to dismiss the petition, arguing that it had given the appellant the credit to which he was entitled. However, it did not refute the appellant's specific allegation that it had not credited him with 140 days for the time he spent in jail from December 30, 1992, until May 19, 1993. The circuit court scheduled an evidentiary hearing, but the record on appeal does not include a transcript or any other reference to such a hearing. Subsequently, it dismissed the petition. This appeal followed.
The appellant contends that DOC has not properly calculated the amount of time he must serve. DOC presented an affidavit from Betty Teague, the Director of Records at DOC, in which she stated that the appellant had been credited with "two years, six months, and nineteen days," pursuant to the circuit court's order of August 16, 1999, and "three years . . . for time previously served on this case as a split sentence." (C.R. 46.) However, the record does not indicate that the appellant was given credit for the 140 days he alleges he spent in jail between December 30, 1992, and May 19, 1993.[1]
 "A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. Swicegood v. State, 646 So.2d 158
(Ala.Cr.App. 1993). Section 15-18-5, Ala. Code 1975, requires that a convicted person be `credited with all of his actual *Page 1010 
 time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.'"
Graves v. State, 710 So.2d 535, 536 (Ala.Crim.App. 1997). Also,
 "[w]hen the State responds to a habeas corpus petition merely by making broad, general arguments that do not address the petitioner's specific claims, the State has failed to refute the facts alleged by the appellant and those facts must therefore be taken as true. Swicegood [v. State, 646 So.2d 158 (Ala.Cr.App. 1993)]. See also Boutwell [v. State, 488 So.2d 33
(Ala.Cr.App. 1986)] (`The State offered no facts which contradict those set out in the petition. Therefore, the unrefuted facts set out in the petition must be taken as true.')."
Mintz v. State, 675 So.2d 1356, 1357-58 (Ala.Crim.App. 1995). In this case, the State did not refute the appellant's allegation that he is entitled to an additional jail credit of 140 days. Furthermore, the record on appeal does not contain a transcript of the evidentiary hearing, and the circuit court did not specifically state its reasons for dismissing the appellant's petition. Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings explaining why it dismissed the appellant's petition. If the circuit court determines that the appellant is entitled to a credit for additional time spent in jail, then it should amend its order and give the appellant the additional credit against his sentence. The circuit court shall take all necessary action to ensure that the circuit clerk files a return to remand with this court within 28 days after the release of this opinion. The return to remand shall include the circuit court's written findings of fact and any amended order the circuit court may enter.
REMANDED WITH INSTRUCTIONS.
McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.
[1] Because of our disposition of this contention, we pretermit discussion of the appellant's remaining contentions at this time. *Page 1011