BASCHAB, Judge.
The appellant, Tony Lee Smith, filed a petition for a writ of habeas corpus, arguing that he has not been credited with sufficient time for the time he spent in jail awaiting trial. The Alabama Department of Corrections filed a motion to dismiss the petition, but it did not refute the appellant’s allegations regarding the time he spent in jail awaiting trial. Thereafter, the circuit court summarily dismissed the petition, finding that the appellant’s release date had been properly computed. This appeal followed.
The appellant argues that the circuit court erroneously dismissed his petition. In his petition, he asserted that he is serving 15 year sentences on a second-degree escape conviction and a third-degree escape conviction, and he admitted that he has been credited with 279 days of jail credit with respect to each conviction. However, he appeared to argue that he has not been credited with 47 days of jail credit with respect to the second-degree escape conviction and 4 months and 4 days of jail credit with respect to the third-degree escape conviction.
*884 “A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time, an inmate must serve in prison. Swicegood v. State, 646 So.2d 158 (Ala.Cr.App.1993). Section 15-18-5, Ala.Code 1975, requires that a convicted person be ‘credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.’ ”
Graves v. State, 710 So.2d 535, 536 (Ala.Crim.App.1997). Furthermore,
“[w]hen the State responds to a habeas corpus petition merely by making broad, general arguments that do not address the petitioner’s specific claims, the State has failed to refute the facts alleged by the appellant and those facts must therefore be taken as true. Swicegood. See also Boutwell [v. State, 488 So.2d 33, 34 (Ala.Crim.App.1986)] (‘The State offered no facts which contradict those set out in the petition. Therefore, the unre-futed facts set out' in the petition must be taken as true.’).”
Mintz v. State, 675 So.2d 1356, 1357-58 (Ala.Crim.App.1995). In this case, the State did not refute the appellant’s specific allegation that he is entitled to additional credit for time he spent in jail. Accordingly, we remand this case to the circuit court with instructions that that court conduct an evidentiary hearing on the appellant’s petition. If the circuit court determines that the appellant is not entitled to any additional credit, it shall make specific findings of fact explaining why the appellant is not entitled to such credit. If the appellant is entitled to credit for additional time he spent in jail, then the circuit court should grant the petition and the appellant should be given the additional credit against his sentences. The circuit court shall file a return to remand with this court, including its written findings of fact and a transcript of the evidentiary hearing, within 56 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: Oh November 21, 2003, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion. On December 12, 2003, that court denied rehearing, without opinion.