BASCHAB, Judge.
The appellant, George Boone, an inmate incarcerated at Holman Correctional Facility, filed a petition for a writ of habeas corpus, arguing that he has not been credited with sufficient time for the time he spent in jail awaiting trial. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.
The appellant argues that the circuit court erroneously summarily dismissed his petition. In his petition, he asserted that he was incarcerated from July 8, 1998, to August 6, 1999; that he had charges pending in Escambia County, Baldwin County, and the United States District Court for the Southern District of Aabama; that Baldwin County credited him with 7 months and 12 days for time spent awaiting trial; and that he is entitled to credit for the additional time he spent in jail awaiting trial.
“A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. Swicegood v. State, 646 So.2d 158 (Ma.Cr.App.1993). Section 15-18-5, Ma.Code 1975, requires that a convicted person be ‘credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.’ ”
Graves v. State, 710 So.2d 535, 536 (Ala.Crim.App.1997). Furthermore,
“[w]hen the State responds to a habeas corpus petition merely by making broad, general arguments that do not address *942 the petitioner’s specific claims, the State has failed to refute the facts alleged by the appellant and those facts must therefore be taken as true. Swicegood. See also Bowtwell [v. State, 488 So.2d 33, 34 (Ala.Crim.App.1986)] (‘The State offered no facts which contradict those set out in the petition. Therefore, the unre-futed facts set out in the petition must be taken as true.’).”
Mintz v. State, 675 So.2d 1356, 1357-58 (Ala.Crim.App.1995). In this case, the State did not refute the appellant’s specific allegation that he is entitled to additional credit for time he spent in jail. Rather, it asserted only that the appellant was not incarcerated in Escambia County pending trial. Accordingly, we remand this case to the circuit court with instructions that that court conduct an evidentiary hearing on the appellant’s petition. If the circuit court determines that the appellant is not entitled to any additional credit, it shall make specific findings of fact explaining why the appellant is not entitled to such credit. If the appellant is entitled to credit for additional time he spent in jail, then the circuit court should grant the petition, and the appellant should be given the additional credit against his sentences. The circuit court shall file a return to remand with this court, including its written findings of fact and a transcript of the eviden-tiary hearing, within 56 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On June 10, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On July 8, 2005, that court denied rehearing, without opinion.