On Remand from the Alabama Supreme Court
The appellant, James Culbreth, an inmate at Easterling Correctional Facility, appeals from the circuit court's denial of his petition for a writ of habeas corpus.[1]
On October 20, 2003, Culbreth petitioned the Montgomery Circuit Court for a writ of habeas corpus seeking credit for time he spent in jail in the State of Washington following his release on bond and his subsequent failure to appear for trial in the Montgomery Circuit Court. On August 29, 2005, the circuit court denied the petition on the ground that venue in Montgomery County was improper, and further, because the relief sought by the appellant was cognizable in a Rule 32, Ala.R.Crim.P., petition — rather than in a habeas corpus petition. This appeal followed.
The relief sought by the appellant is cognizable in a petition for writ of habeas corpus. See Breach v. State,687 So.2d 1257 (Ala.Crim.App. 1996); Swicegood v. State,646 So.2d 158 (Ala.Crim.App. 1993) (a petition for writ of habeas corpus is the proper method by which to test whether the state has correctly calculated the time an inmate must serve in prison). As we stated in Graves v. State, 710 So.2d 535
(Ala.Crim.App. 1997): *Page 914 
 "A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. Swicegood v. State, 646 So.2d 158
(Ala.Cr.App. 1993). Section 15-18-5, Ala. Code 1975, requires that a convicted person be `credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.'"
710 So.2d at 536.
Culbreth claimed in his petition that he had been credited with 227 days of pretrial incarceration, representing the time Culbreth spent in the Montgomery County Detention Facility awaiting trial. However, Culbreth claims, the Department of Corrections failed to credit him with the time spent incarcerated in the State of Washington before he was returned to Alabama to face trial. The State did not refute Culbreth's claim. Indeed, our examination of the record indicates that the State filed no response whatsoever to Culbreth's petition. When the State fails to refute facts alleged by the petitioner, those facts must be taken as true. See, e.g., Dupaquier v.State, 814 So.2d 1008, 1010 (Ala.Crim.App. 2001); Mintzv. State, 675 So.2d 1356, 1358 (Ala.Crim.App. 1995);Boutwell v. State, 488 So.2d 33, 34 (Ala.Crim.App. 1986).
This case does not involve a situation where Culbreth escaped from custody following conviction. If that were the case, he would not be entitled to credit for time spent incarcerated outside the State of Alabama. See § 15-18-6, Ala. Code 1975 ("An escapee from a state penal institution who is recaptured and returned to custody shall be credited with all of his actual time spent incarcerated within the State of Alabama prior to his transfer and return to the custody of the [Department] of Corrections."); see also Boutwell v. Nagle,861 F.2d 1530 (11th Cir.1988). Culbreth, however, had not yet been convicted. Instead, he was released on bond pending trial. When Culbreth failed to appear for his trial, a fugitive warrant was issued for his arrest. Thus, § 15-18-5, Ala. Code 1975, governs Culbreth's case. This statute provides:
 "Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the [Department] of Corrections."
(Emphasis supplied.) Because § 15-18-5 does not limit credit to time spent incarcerated within the State of Alabama, Culbreth is entitled to credit for the time he spent incarcerated in the State of Washington — if that incarceration occurred as a result of the fugitive warrant issued by the Montgomery Circuit Court when Culbreth failed to appear for his trial.
Based on the foregoing, we remand this case to the circuit court with instructions that that court conduct an evidentiary hearing on the claims raised in Culbreth's petition. Following the evidentiary hearing, the circuit court shall make specific, written findings regarding those claims. If the circuit court determines that Culbreth is entitled to a credit for additional time spent in jail, then it should so state and give Culbreth the additional credit against his sentence. The circuit court shall take all necessary action to ensure that the circuit clerk files a return to remand with this Court within 56 days after the release of this opinion. The return to *Page 915 
remand shall include a transcript of the evidentiary hearing, any additional filings by the parties, the circuit court's written findings of fact, and any other orders the circuit court may enter in connection with this case.
REMANDED WITH INSTRUCTIONS.*
BASCHAB, P.J., and McMILLAN, SHAW, and WELCH, JJ., concur.
[1] Culbreth's petition was filed in the county in which he was originally convicted, rather than the county in which he is presently incarcerated. On January 5, 2006, this Court dismissed Culbreth's appeal by an unpublished order, concluding that the circuit court lacked jurisdiction to rule on Culbreth's petition. The Alabama Supreme Court reversed this Court's judgment, holding that the failure to object waived the issue of improper venue. Moreover, the Court concluded, improper venue did not deprive the Montgomery Circuit Court of subject-matter jurisdiction to review Culbreth's habeas corpus petition. Exparte Culbreth, 966 So.2d 910 (Ala. 2006).
* Note from the reporter of decisions: On April 20, 2007, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.