KELLUM, Judge.
The appellant, Devane L. Hillard, appeals from the circuit court’s dismissal of his petition for a writ of habeas corpus.
On March 22, 2010, Hillard, who at that time was an inmate housed at the Bibb *984 Correctional Facility, petitioned the Bibb Circuit Court for a writ of habeas corpus seeking credit for time he spent in jail awaiting his trial on the charge of robbery in the first degree. In his petition, Hillard alleged that he was arrested on July 27, 2008, and that he was charged with one count of first-degree robbery. Hillard further alleged that he remained incarcerated until his trial in the Houston Circuit Court on November 2, 2009, at which he was found guilty of first-degree robbery and was sentenced to 30 years’ imprisonment. At that time, the Houston Circuit Court credited Hillard with 1 year and 103 days of jail credit. Hillard successfully appealed his conviction to this Court; we reversed his conviction and remanded the case to the Houston Circuit Court for further proceedings. See Hillard v. State, 53 So.3d 165 (Ala.Crim.App.2010). In an affidavit attached to his petition for a writ of habeas corpus, Hillard alleged that he was resentenced in October 2010 by the Houston Circuit Court to a term of 20 years’ imprisonment, split to serve 5 years’ imprisonment followed by 5 years’ supervised probation.[1] Hillard alleged that when the Houston Circuit Court sentenced him in October 2010 the court failed to give him credit for the time he spent incarcerated from July 2008 to October 2010, and that, based on his calculations, he was entitled to 799 days of jail credit.
On May 4, 2011, the Alabama Department of Corrections (“DOC”) filed a motion to dismiss or, in the alternative, for a summary judgment, in which it argued that DOC could not properly address Hil-lard’s challenge to the amount of jail credit certified on his conviction report because the responsibility of calculating and certifying the amount of actual jail credit an inmate is entitled to lies with the sentencing court and the circuit clerk. See § 15-18-5, Ala.Code 1975. In an attachment to the motion to dismiss, Mark Bruton, assistant director of records for DOC, stated that the certified conviction report provided by the Houston County circuit clerk’s office indicated that Hillard “was resen-tenced to 20 years split to serve 5 years with 0 days of jail credit on case CC-2009-25 with a sentence begins date of October 4, 2010.” (C. 28.) DOC did not refute Hillard’s assertion in his petition for a writ of habeas corpus that he was entitled to jail credit and expressly stated in its response that it was “not arguing whether or not [Hillard was] entitled to jail credit or pre-time served toward his sentence.” (C. 26.) The circuit court subsequently granted DOC’s motion to dismiss.
The relief sought by Hillard is cognizable in a petition for writ of habeas corpus. See Breach v. State, 687 So.2d 1257 (Ala.Crim.App.1996). As we stated in Graves v. State, 710 So.2d 535 (Ala.Crim. App.1997):
“A petition for a writ of habeas corpus is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. Swicegood v. State, 646 So.2d 158 (Ala.Cr.App.1993). Section 15-18-5, Ala.Code 1975, requires that a convicted person be ‘credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections.’ ”
710 So.2d at 536.
Neither DOC nor the circuit court specifically responded to Hillard’s allegation that he was entitled to 799 days of jail credit for time he served after his July *985 2008 arrest and before he was resentenced in October 2010. Therefore, this Court is left with only Hillard’s unrefuted allegations in his petition, which must be taken as true. See Boutwell v. State, 488 So.2d 33, 34 (Ala.Crim.App.1986) (“The State offered no facts which contradict those set out in the petition. Therefore, the unre-futed facts set out in the petition must be taken as true.”).
In light of the above-cited authority, it appears that Hillard’s unrefuted claim may be meritorious. Accordingly, we remand this case to the circuit court with instructions that that court conduct an evidentiary hearing on the claim raised in Hillard’s petition. See Frazier v. State, 800 So.2d 606 (Ala.Crim.App.2000) (petition had sufficient merit to necessitate a hearing to determine whether jail credit was correctly calculated and reported); Johnson v. State, 681 So.2d 1104 (Ala.Crim.App.1996) (inmate was entitled to ev-identiary hearing to determine whether pretrial jail time was properly calculated and reported). Following the evidentiary hearing, the circuit court shall make specific, written findings regarding those claims. If the circuit court determines that Hillard is entitled to credit for time spent in jail following his July 2008 arrest and before the October 2010 disposition of his case on remand from this Court, then it should so state and give Hillard the credit against his sentence. The circuit court shall take all necessary action to ensure that the circuit clerk files a return to remand with this Court within 56 days after the release of this opinion. The return to remand shall include a transcript of the evidentiary hearing, any additional filings by the parties, the circuit court’s written findings of fact, and any other orders the circuit court may enter in connection with this case.
REMANDED WITH INSTRUCTIONS. *
WELCH, P.J., and WINDOM, BURKE, and JOINER, JJ., concur.

. Hillard did not appeal the circuit court’s judgment on return to remand.

 Note from the reporter of decisions: On April 13, 2012, on return to remand, the Court of Criminal Appeals affirmed, without opinion.