Rel: February 9, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

_____

### CR-2023-0374

_____

### Henry Neal Ferguson III

### v.

### Alabama Department of Corrections

### Appeal from St. Clair Circuit Court
### (CV-23-16)

MINOR, Judge.

Henry Neal Ferguson III, who is serving a sentence of life imprisonment without the possibility of parole for his 1994 conviction for attempted murder, petitioned the St. Clair Circuit Court for a writ of habeas corpus. Although a life-imprisonment-without-the-possibility-of-parole sentence has no end date and thus cannot be shortened, Ferguson

argues that, under § 15-18-5, Ala. Code 1975, he is due credit on his sentence for the time he spent in jail before his attempted-murder conviction. For the reasons below, we remand this matter to the circuit court for that court to hold a hearing on Ferguson's claim.

FACTS AND PROCEDURAL HISTORY

According to Ferguson's habeas petition, which he filed on February 27, 2023, authorities arrested him in May 1993 for first-degree assault and placed him in the Talladega County jail. In June 1993, Ferguson escaped from the jail. In February 1994, a grand jury indicted Ferguson for attempted murder. In June 1994, authorities captured Ferguson and returned him to jail. Ferguson was convicted of attempted murder in August 1994, and a month later the circuit court sentenced him as a habitual felon to life imprisonment without the possibility of parole. (C. 2-3.)

In his petition, Ferguson alleged two claims. First, he asserted that he was due credit for the time he spent in jail "from his arrest date for assault first degree unto his escape date, and from his escape capture date unto his attempt to murder conviction and sentencing date." (C. 4.) Second, he asserted that "his public government records" erroneously

showed that he had been convicted in September 1994 of murder rather than attempted murder. (C. 4.)

The State moved to dismiss the petition. (C. 60.) As to Ferguson's claim seeking a correction of the record of his conviction, the State asserted that the claim was moot and referenced an affidavit from the director of records from the Alabama Department of Corrections ("the Department") and a copy of records showing that Ferguson had been convicted of attempted murder. (C. 61.) Although the State asserted that the affidavit and the records were attached to its motion to dismiss, they were not.

As to Ferguson's claim seeking jail credit, the State asserted that Ferguson had no constitutional right to such a credit. The State also asserted that, because Ferguson was serving a sentence of life imprisonment without the possibility of parole, "any jail time credited … would have no impact on his release date." (C. 61, 73.)

The circuit court granted the State's motion to dismiss. (C. 65.) Ferguson moved the court to reconsider, noting among other things that the State had not included the affidavit and records with its motion to dismiss. (C. 66.) The State responded and provided the affidavit and

records it had omitted from the motion to dismiss. (C. 71-79.) Citing the State's response, the circuit court denied Ferguson's motion to reconsider. (C. 80.) Ferguson timely appealed. (C. 81.)

## STANDARD OF REVIEW

This Court reviews a judgment denying a habeas petition under an abuse-of-discretion standard. Miller v. State, 668 So. 2d 912, 917 (Ala. Crim. App. 1995). See also Montgomery v. State, 967 So. 2d 103 (Ala. Crim. App. 2007); Ward v. State, 929 So. 2d 1048 (Ala. Crim. App. 2005). "A circuit court may summarily deny a habeas petition without holding an evidentiary hearing if the pleadings are sufficient to show that there is no merit to the petition." Ward, 929 So. 2d at 1050 (citing D.L.S. v. State, 675 So. 2d 1363, 1365 (Ala. Crim. App. 1995)).

## DISCUSSION

On appeal, Ferguson argues that, on his sentence for life imprisonment without the possibility of parole, he is due credit for the time he was in jail before his conviction for attempted murder.[1]

---

[1]Ferguson also reiterates his claim seeking a correction of records to show that his conviction was for attempted murder, not for murder. He asserts that in the circuit court he "never got" the documents the State attached to its response to his motion to reconsider, including the documents showing that his conviction was for attempted murder.

4

According to the affidavit the State provided from Alcornelia Terry, the director of central records for the Department, Ferguson has received no jail credit for the time served in jail before trial on his sentence for his attempted-murder conviction. Ferguson contends that "it is irrelevant that [he] has a life without parole sentence." He cites § 15-18-5(a), Ala. Code 1975, and § 15-18-6, Ala. Code 1975.[2]

Before its amendment in 2018, § 15-18-5 provided:

> "Upon conviction and imprisonment for any felony or misdemeanor, the sentencing court shall order that the convicted person be credited with all of his actual time spent incarcerated pending trial for such offense. The actual time spent incarcerated pending trial shall be certified by the circuit clerk or district clerk on forms to be prescribed by the Board of Corrections."

_____

(Ferguson's brief, p. 11.) Ferguson asserts that if he had received it, "he would have filed another motion for production of records." (Id.) Ferguson's bare assertions do not show that the circuit court erred in finding that his claim about the correction of records is now moot.

[2]Section 15-18-6, Ala. Code 1975, provides:

> "An escapee from a state penal institution who is recaptured and returned to custody shall be credited with all of his actual time spent incarcerated within the State of Alabama prior to his transfer and return to the custody of Board of Corrections (penal system). The actual time spent incarcerated pending return to custody of the Board of Corrections (penal system) shall be certified by the sheriff on forms to be prescribed by the Board of Corrections."

See Moore v. State, 40 So. 3d 750, 753 (Ala. Crim. App. 2009) ("'A defendant's sentence is determined by the law in effect at the time of the commission of the offense.' Davis v. State, 571 So. 2d 1287, 1289 (Ala. Crim. App. 1990).").

> "'Applying well-settled rules, [the Alabama Supreme] Court has stated that if the language of a statute is clear then there is no room for judicial construction of the statute and the clearly expressed intent of the legislature must be given effect. Tuscaloosa County Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa County, 589 So. 2d 687 (Ala. 1991).'"

Lay v. State, 82 So. 3d 9, 12 (Ala. Crim. App. 2011) (quoting Ex parte Nixon, 729 So. 2d 277, 278 (Ala. 1998)). Section 15-18-5 does not exclude a person serving a life-imprisonment-without-the-possibility-of-parole sentence from being "credited with all of his actual time spent incarcerated pending trial for such offense." Thus, under the plain meaning of § 15-18-5, Ferguson's argument appears to have merit.[3]

We recognize that, because a petitioner serving a sentence of life imprisonment without the possibility of parole has no release date, there

---

[3]In its brief, the State cites Lay v. State, 82 So. 3d 9 (Ala. Crim. App. 2011), for the proposition that there is no constitutional right to jail credit under § 15-18-5, Ala. Code 1985. In Lay, this Court held that "a criminal defendant may waive jail credit imposed pursuant to § 15-18-5, Ala. Code 1975, as a part of a plea agreement." Nothing in the record shows, however, that Ferguson waived his right to jail credit.

is no date against which the Department may "credit" the petitioner with time served before his or her trial that led to the conviction and sentence. Thus, regardless how much time Ferguson was incarcerated before trial, "crediting" him with that time of pretrial incarceration will not shorten his prison sentence.

Even so, as noted above, the plain meaning of § 15-18-5 requires the Department to certify "[t]he actual time [Ferguson] spent incarcerated pending trial." Although this certification will not shorten Ferguson's prison sentence, § 15-18-5 requires it, and, based on the record before us, we cannot say that the Department's failure to make the certification in Ferguson's case is harmless. Cf. People v. Paintman, 139 Mich. App. 161, 361 N.W.2d 755 (Mich. Ct. App. 1984) ("Although defendant is serving mandatory sentences of life imprisonment without parole, the failure to give him the extra credit is not harmless error. The number of days he has already served may affect his eligibility within the prison system for various benefits and may affect his eligibility for a commutation of his sentence by the Governor,[4] however unlikely that possibility may be.");

---

[4]In Alabama, the Governor's authority to commute a sentence is limited to a defendant who has been sentenced to death. § 124, Ala. Const. of 2022.

State v. Thibodeaux, 647 So. 2d 525, 530 (La. Ct. App. 1994) ("While we are aware that the defendant's sentence is for life without benefit of parole, probation or suspension of sentence, we note and correct the failure to give credit for time served because this failure could make a difference if defendant's sentence is ever considered for commutation and, if a decision is made to commute his sentence, the failure could also make a difference as to when the commutation should take effect.").  The certification required by § 15-18-5, Ala. Code 1975, is not conditioned on the possible release of an inmate, and it is thus distinguishable from a mandatory provision like the requirement in § 13A-5-6(c), Ala. Code 1975, that a sentencing court impose a period of post-release supervision for offenders convicted of certain offenses.  Cf. Colburn v. State, [Ms. CR-2022-0721, May 5, 2023] ___ So. 3d ___, ___ (Ala. Crim. App. 2023) (finding no error in trial court's failure to impose period of post-release supervision under § 13A-5-6(c) on a defendant sentenced to life imprisonment without the possibility of parole).

When the unrefuted facts in a habeas petition show that a petitioner's claim about the calculation of jail credit may have merit, this Court's practice is to remand the matter for an evidentiary hearing. See,

e.g., Hillard v. Alabama Dep't of Corrs., 93 So. 3d 983, 984 (Ala. Crim. App. 2011) (challenging calculation of jail credit on a 30-year sentence for first-degree robbery); Gunn v. State, 17 So. 3d 711, 714 (Ala. Crim. App. 2007) (challenging jail-credit calculation on a sentence for first-degree robbery); Wilson v. State, 981 So. 2d 441 (Ala. Crim. App. 2007) (challenging jail-credit calculation on sentences for two convictions); Culbreth v. State, 966 So. 2d 912 (Ala. Crim. App. 2007); Boone v. State, 918 So. 2d 941 (Ala. Crim. App. 2005); Smith v. State, 882 So. 2d 993 (Ala. Crim. App. 2003); Frazier v. State, 800 So. 2d 606 (Ala. Crim. App. 2000); Russell v. State, 755 So. 2d 62 (Ala. Crim. App. 1999); Johnson v. State, 681 So. 2d 1104 (Ala. Crim. App. 1996).

## CONCLUSION

We remand this case to the circuit court for that court to hold an evidentiary hearing on Ferguson's claim that he has received no pretrial jail credit on his sentence for his attempted-murder conviction. After the hearing, the circuit court shall make specific, written findings about that claim. If the court finds that Ferguson is due credit on that sentence, it should so state and require the Department to certify on Ferguson's records the amount of jail time he served before his conviction. The

9

circuit court must take all necessary action to ensure that the circuit clerk files a return to remand with this Court within 42 days after the release of this opinion. The return to remand must include a transcript of the evidentiary hearing, any filings by the parties, the court's written findings of fact, and any other orders the circuit court may enter in connection with this case.

REMANDED WITH INSTRUCTIONS.

Windom, P.J., and Kellum, McCool, and Cole, JJ., concur.